112 N.J. Super. 351 (1970)
271 A.2d 435
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CLYDE BAKER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 2, 1970.
Decided November 30, 1970.
*352 Before Judges CONFORD, KOLOVSKY and CARTON.
*353 Mr. Harold J. Sklarew assigned counsel, argued the cause for defendant.
Mr. Peter A. DeSarno, Assistant Prosecutor, argued the cause for respondent (Mr. Edward J. Dolan, Middlesex County Prosecutor, attorney; Mr. Gilbert L. Nelson, Assistant Prosecutor, of Counsel and on the Brief).
PER CURIAM.
Defendant was convicted of possession of two marijuana cigarettes found on his person by New Brunswick Detective Saloom as a result of a search at defendant's barber shop in that city on December 31, 1967. Since the validity of the conviction rests on the correctness of the denial of a motion to suppress the cigarettes for alleged illegality of the search, we state the facts adduced through Saloom's testimony on the hearing of the motion to suppress.
On December 31, 1967, a Sunday, Saloom and another officer were on duty "investigating gambling establishments." The dispatcher had received complaints at 9:30 A.M. of "noise and disorderly crowds coming out of 56 Albany Street." Saloom and another officer went to Albany Street and parked half a block from the store at the address. An unidentified man Saloom knew "walked out of" the store and "smelled like drink." Saloom "asked him where did he get the drink from, because he was a person that I know that likes to drink." The individual, who had "supplied reliable information" to Saloom in the past, said he had bought the drink at 56 Albany Street and had paid a dollar for the "shot."
Saloom went back to headquarters, returned with three other officers to 56 Albany Street, the exterior of which is a store-front, and "walked in." They had no arrest or search warrant. They met defendant, who identified himself as the owner. They found themselves in a "main room" containing a pool table, two barber chairs, a shoeshine stand *354 and a showcase. Two employees of Baker were also present, in working clothes. Saloom asked defendant whether he was selling drinks, and he denied it. Then Saloom and his men proceeded to "look[ed] through everything." Seeing nothing incriminating in the main shop-room, they "gradually went to the back" of the building, searching, in turn, a women's room, a storage room and a wash room before reaching a large back room at the end of a corridor. The doors of all these rooms were open, but the large back room could not be seen from the main room in the front.
Defendant accompanied the officers on the search but there appears to have been no conversation. In the large back room the officers saw a 4 1/2' bar, two stools, a table with six chairs, and a refrigerator loaded with beer. On and in the bar was whisky, some bottles full and some partly consumed. The air conditioner in the room was on but no one was present. Saloom at once placed defendant under arrest for illegal sale of alcohol. He then conducted a search of his person which revealed, in a vest pocket, two cigarettes which Saloom thought, and later chemical analysis revealed to be, marijuana. The officers gathered together the evidence and left. The whole episode took 30 to 40 minutes, most of which was consumed in searching the premises.
At the argument of the motion to suppress below the State sought to defend the warrantless search preceding the arrest on two theories: (a) there was probable cause to enter to arrest for illegal sale of liquor and the "search that follows is incidental to the arrest"; (b) the police had the right to enter the premises as a place open to the public, and "it was all one business establishment." In denying the motion the court said:
The Court is of the opinion that the information given by this individual, the reliable informant indicated that the sale had just been made, that is, just within a few minutes prior thereto and that the officer had a right to search the property and to see whether or not sufficient illegal  there was evidence of an illegal sale of alcohol.
*355 Having found such evidence, they had a right to arrest the man and that having a right to arrest the defendant, they had a right to make a search of his person.
Defendant later moved for rehearing of the motion on the basis of the incredibility of Saloom's story about the "reliable informer," in light of his account of the episode as a witness at the earlier preliminary hearing. On that occasion there was a total omission of the encounter with the "informer." When asked what had brought him to the location that Sunday morning in the company of the four other officers he said, "complaints we had received earlier." Not only was there omitted the interlude with the informer, but also, on the previous recital, the story was that Saloom came there directly with the four other officers and entered; not that he first came with only one other, parked at a distance and, after talking to the informer, returned to headquarters for the assistance of three more men. Appellate defense counsel calls our attention, moreover, to Saloom's testimony at the trial when, for the first time, he added the detail of having smelled the odor of marijuana coming from the "rear of the store." The motion judge found the discrepancies not material as to credibility in the light of the different purposes of the respective hearings. In reaffirming its decision on the motion, the court said:
The court is of the opinion that under the circumstances the police had reasonable cause to believe that a violation of the law had been committed and that under all of the circumstances that the search of the premises was reasonable. The product of the search justified the arrest of the defendant and the search of the person of the defendant was justified as a search accompanying an arrest. [Emphasis added].
In determining this appeal we shall assume the trial court's right as hearer of the evidence to credit Saloom's testimony as given on the motion to suppress. On that testimony and the motion findings of fact the denial of the motion to suppress must be reversed. The warrantless search *356 to look for evidence to support an arrest for a liquor violation was in violation of plain principles as to Fourth Amendment rights as judicially construed. Probable cause to enter premises for purposes of a search must ordinarily be passed upon by a judicial officer who certifies thereto by issuing a search warrant. The policeman's own evaluation of probable cause cannot justify an entry to search without a warrant. State v. Macri, 39 N.J. 250, 262 (1963); Johnson v. United States, 333 U.S. 10, 13-15, 68 S.Ct. 367, 92 L.Ed. 436 (1948).
While there are judicially recognized exceptions to the warrant requirement,[1] none apply here. The argument on the motion that this was a search incidental to an arrest is unsupportable. On oral argument of the appeal the State frankly conceded that the entering officers had no intention of arresting anyone unless their search of the premises revealed evidence of a liquor violation. This fact, moreover, is implicit in the trial court's fact-finding, and is fairly compelled by the record. Only after a thorough search of the premises revealed the incriminating liquor set-up, a half-hour after the officers entered the store, was defendant arrested. In the meantime he was subjected to no restraint. As was said in State v. Doyle, 42 N.J. 334 (1964):
Officers cannot search in order to arrest, nor arrest because of the product of the search. A search undertaken merely for the purpose of uncovering evidence with which to arrest and convict of crime is not made lawful because the desired evidence is obtained [case citation]. Absent a valid search warrant, they must arrest validly in which event they may search reasonably as an incident of the arrest." [342-343; emphasis added]
The foregoing is precisely applicable here and serves to reveal the error of the trial court's rationale. Basically, it is the fact of arrest which triggers the right of incidental *357 search.[2] See Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 58 L.Ed. 652 (1914); Carroll v. United States, 267 U.S. 132, 158, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145 (1925); Marron v. United States, 275 U.S. 192, 199, 48 S.Ct. 74, 72 L.Ed. 231 (1927); Chimel v. California, 395 U.S. 752, 762-763, 89 S.Ct. 2034, 23 L.Ed. 2d 685 (1969). It is, of course, not necessarily fatal to the incidency of a search to an arrest that the search is absolutely precedent in time, so long as they "occur as parts of a single transaction, as connected units of an integrated incident." State v. Doyle, supra, 42 N.J. at 342 (where, in fact, the arrest preceded the search, at 342). But Jones v. United States, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958), holds that there must be an intention on entry to arrest without regard to the success of the search, in order to validate the warrantless entry. It was there determined that a warrantless search could not be sustained as incidental to an arrest when the purpose of the officers in entering the premises was to search, not arrest (357 U.S., at 499-500, 78 S.Ct. 1253), even though there was actually probable cause to arrest and defendant was arrested later that night, after the search, on the basis of what was found in the course of the search. The decision is precisely apposite here.[3] See also Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951 (1932). It is dispositive of the State's first point, supra, on the argument of the motion.
The search is not sustainable on the theory of the right of police officers to enter a public store. The implied invitation *358 does not extend beyond the area to which the public is admitted, i.e., the store premises proper. State v. LaDuca, 89 N.J. Super. 159 (App. Div. 1965). Observations made in that area by police are not a "search." Ibid. Here the rear room was not visible from the combination barber shop, shoe-shine, and poolroom store, and the incursion to the rear room in the course of a thorough search of the whole first floor of the building beyond the store was plainly not justified on the theory of store premises open to the public. See State v. LaDuca, supra, at 164-165.
Nor can the search be sustained on the theory of "exigent circumstances," as where evidence is so imminently threatened with destruction or removal, see Johnson v. United States, 333 U.S. 10, 15, 68 S.Ct. 367, 92 L.Ed. 436 (1948), as to make the by-passing of the warrant requirement "imperative," see McDonald v. United States, 335 U.S. 451, 456, 69 S.Ct. 191, 93 L.Ed. 153 (1948). Neither below nor in the State's appellate brief is there a suggestion that it was reasonably (or actually) feared that evidence of the illegal liquor outlet would be destroyed in the time it would take to get a warrant. The record would not support such an hypothesis, were the argument advanced.
The search of the premises was illegal because without a warrant.
The search of the premises in the first instance having been illegal, the arrest based on the fruits thereof was also, and the marijuana cigarettes, the product of the consequential search of the defendant's person, must be held to have been come by illegally. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); State v. LaDuca, supra, 89 N.J. Super at 168. Therefore they must be suppressed as evidence.
At the hearing of the motion plaintiff was denied a request for the name of the so-called informer. Although our holding renders the point uncritical, the matter appears to have reposed within the trial court's discretion. See State v. Burnett, 42 N.J. 377, 388 (1964).
*359 Defendant also raises certain grounds of error asserted to have arisen at the trial. We find none of such importance as would warrant reversal of the verdict of conviction were there no error in the denial of the motion to suppress. But because of the latter error, the judgment must be
Reversed.
NOTES
[1] Described in Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409, 413 (1970) as "only in `a few specifically established and well-delineated' situations".
[2] See A.L.I., Model Code of Pre-Arraignment Procedure (Tent. Dr. No. 3), § SS 3.01:

(1) * * * an officer who has made a valid arrest * * * may, without a search warrant, conduct a search of the person, property, premises, or vehicle of the arrested individual * * *."
[3] See A.L.I., Model Code of Pre-Arraignment Procedure (Tent. Dr. 3), sec. SS 3.04(2) (b), reading:

"Search of premises [incidental to arrest] shall only be made contemporaneously with the arrest and consequent upon the entry into the premises which was made in order to effect arrest." (Emphasis ours).