146 N.J. Super. 98 (1975)
369 A.2d 10
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LUTHER HELTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 2, 1975.
Decided September 24, 1975.
*99 Before Judges CONFORD, MATTHEWS and BOTTER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Ms. Rosemary K. Reavey, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General, attorney for plaintiff-respondent (Mr. William Welaj, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant appeals from a conviction of possession of lottery slips, his principal ground of appeal being error in the denial of a motion to suppress by the trial court prior to trial.
The basic facts disclosed on the hearing of the motion must be taken to be those given in testimony by the arresting city police officer, as the motion judge on sufficient credible evidence found them to be true. The officer was a member of a raiding party of federal and city law enforcement officers who searched a tavern on the strength of a federal warrant authorizing a search of the premises (not mentioning persons found therein) for narcotics. There were about ten people in the tavern, and all were searched by the officers. The officer testified that he ordered defendant to empty his pockets because, as he approached the defendant, he made furtive movements with his hands in relation to his pockets, appearing to be transferring objects from one pocket to another. The officer suspected an attempt to conceal narcotics. He then searched the defendant's person, retrieving four matchbook covers containing folded numbers slips. The officer conceded on cross-examination that his written report of the incident made no reference to suspicious activity by defendant prior to the search.
*100 The defendant contended before the motion judge and on appeal that this was an illegal general search. State v. Masco, 103 N.J. Super. 277 (App. Div. 1968); cf. State v. De Simone, 60 N.J. 319 (1972). The motion judge held that it was immaterial that all others in the premises were searched without a warrant if the officer had probable cause, from defendant's conduct and the background of the raid, to believe there was contraband or evidence on defendant's person. In such case, the search was valid. Probable cause was found as a fact.
We invited post-submission memoranda from counsel as to what exception to the general warrant requirement was deemed to exist in the instant circumstances, see Vale v. Louisiana, 399 U.S. 30, 34, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970), and the State responded, specifying the exigent circumstances rule, particularly referring to danger of loss of evidence. See State v. Naturile, 83 N.J. Super. 563, 569 (App. Div. 1964). It is evident that this exception to the warrant requirement must be applied with caution, so as not to swallow the basic rule, central to the genesis of the Fourth Amendment, that probable cause not certified by a judicial officer issuing a warrant will not of itself authorize a general search of the person or premises. Such cases as State v. McNair, 60 N.J. 8 (1972), and State v. Gray, 59 N.J. 563 (1971), cited by the State as examples of proper "exigent-circumstances" searches without a warrant, furnish a vivid factual contrast with the instant case as to an adequate basis for by-passing the warrant procedure in order to prevent the irreparable loss of evidence. In both cited cases there was substantial background information as to the suspect's illegal activity over and above his suspicious conduct on the occasion of the questioned search.
In the present situation, to the contrary, the officers, on the record before us, had no information whatever about this defendant apart from his equivocal conduct at the moment he was approached in the course of the search. Any *101 notion of a prior connection of this defendant with the narcotics activity which may have supported the federal warrant is totally speculative in the absence of any proof thereof on the present record.
We hold (1) there was no probable cause to believe defendant to be in possession of seizable objects on the occasion in question; (2) alternatively, if the circumstances were within the outer perimeter of probable cause, they were not strong enough to by-pass the warrant requirement on any theory of threatened loss of evidence.
In passing, we note that the State has not contended that this search can be justified as incident to a valid arrest. The arrest here was the product of the search, and there is no indication that the officer intended, prior to the search, to arrest defendant, or even to detain him, regardless of the outcome of the search. State v. Baker, 112 N.J. Super. 351 (App. Div. 1970); cf. State v. Doyle, 42 N.J. 334, 342-343 (1964).
The motion to suppress should have been granted, and the judgment is therefore
Reversed.