### Lee Charles FOWLER

### v.

### William T. NICHOLAS, individually and in his official capacity as District Attorney of Montgomery County, Norristown, Pa., et al.

### Civ. A. No. 81–0821.

United States District Court,
E. D. Pennsylvania.

Sept. 18, 1981.

---

Lee Charles Fowler, pro se.

## MEMORANDUM

GILES, District Judge.

Before me is Magistrate Naythons' amended Report and Recommendation regarding the *pro se* civil-rights complaint of plaintiff Lee Charles Fowler. Plaintiff alleges that he was held at gunpoint, arrested without cause, and beaten by defendants William Watson (a J.C. Penney sales clerk) and John Crowley (a J.C. Penney security guard and also a county detective). Plaintiff claims violations of his Fourth, Eighth, and Fourteenth Amendment rights, redressable under 42 U.S.C. § 1983. Also sued are the J.C. Penney Company and William T. Nicholas, the Montgomery County District Attorney, who is alleged to have failed to prosecute Watson and Crowley.

Magistrate Naythons recommended dismissing defendant Nicholas because he is absolutely immune in performance of his official duties and because the complaint cannot be read to include sufficiently specific allegations of an unofficial cover-up. The magistrate's report further recommended dismissing J.C. Penney because a corporation is not a "person" under § 1983, and because J.C. Penney did not act under color of state law.

Defendant Crowley, on the other hand, is alleged to be a county detective. Because at this stage of the litigation, it is impossi-

ble to tell whether he acted in a purely private capacity (as a J.C. Penney security guard) he could not be dismissed. Likewise, defendant Watson, though a private actor, is alleged to have acted in concert with Crowley. If Crowley acted under color of state law, Watson may be liable. The report observed that Crowley would be immune .if he acted in good faith and with probable cause. No objections to the Report have been filed.

■■■ After careful and independent consideration, I shall adopt the amended Report and Recommendation as modified herein. First, the court modifies the holding regarding plaintiff's claim against defendant J.C. Penney. Because a corporation is a "person" within the meaning of § 1983, it may be liable for the violation of constitutional rights. *Croy v. Skinner*, 410 F.Supp. 117 (N.D.Ga.1976); *Comtronics, Inc. v. Puerto Rico Telephone Co.*, 409 F.Supp. 800, 806 (D.P.R.1975), *aff'd*, 553 F.2d 701 (1st Cir. 1977). However, as Magistrate Naythons points out, a person cannot be held liable under § 1983 unless its actions were taken under color of state law or had a sufficiently close nexus to state authority. *See, e. g., Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). Because plaintiff states no facts alleging that defendant J.C. Penney either acted under color of state law or conspired with a state official, his claim against J.C. Penney must be dismissed.

Second, the court wishes to clarify the issue of the qualified-immunity defense. The Supreme Court has defined this qualified immunity as being composed of two elements, an objective and subjective test. *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). To be immune from liability under § 1983, a defendant must satisfy both elements. *Id.* at 321, 95 S.Ct. at 1000. The subjective element of good faith requires that the official "be acting sincerely and with a belief that he is doing right." *Id.* at 322, 95 S.Ct. at 1000–01. The objective test, however, imposes a more stringent standard. If an official knew or reasonably *should have known* that

his action would violate plaintiff's constitutional rights, he is not immune from liability. *Id.* Thus, the court in *Woods* has included in the defense of qualified immunity the duty to know clearly settled rights.

■ Sometimes, however, the definition of the constitutional right involved subsumes one of the elements of qualified immunity. (For example, *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976), requires a showing of intent for equal-protection disparate-impact claims.) Under such circumstances, the plaintiff has the burden of pleading and proving that element. Furthermore, if plaintiff meets his burden, the defendant cannot possibly succeed in a qualified immunity defense because he has failed on a necessary element of that defense.

As the Ninth Circuit stated in *Flores v. Pierce*, 617 F.2d 1386 (9th Cir.) *cert. denied*, 449 U.S. 875, 101 S.Ct. 218, 66 L.Ed.2d 96 (1980):

> There is no objective basis for the defense [of good faith] if it is not reasonable to believe that there was a lawful right to take the action in question . . . . [S]tate officials are liable under section 1983 if the constitutional right allegedly infringed by them was clearly established at the time of their challenged conduct, if they knew or should have known of that right, and if they knew or should have known that their conduct violated the constitutional norm.

*Id.* at 1391–92.

■■ Plaintiff herein has claimed that he was arrested without probable cause. A citizen's right to be free from unreasonable searches and seizures is an established constitutional right, and an arrest without probable cause constitutes an unreasonable seizure. As a security guard and police officer, defendant Crowley knew or should have known of that right. "[T]here is no suggestion that a police officer is entitled to a defense of good faith when he makes an arrest without a warrant and without probable cause." *Joseph v. Rowlen*, 402 F.2d 367, 370 (7th Cir. 1968). In the circumstances alleged in this case, an element of plaintiff's case, *i. e.*, an arrest without prob-

able cause, coincides with an element of the qualified-immunity defense. Therefore, the qualified-immunity defense is irrelevant to this claim. If plaintiff can establish that he was arrested without probable cause, then Crowley, *ipso facto*, will be unable to succeed in defense of good faith.

■ If plaintiff cannot establish lack of probable cause, he cannot prevail. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), is not to the contrary. There, the court allowed a defense of "[subjective] good faith and . . . probable cause," *id.* at 555, 87 S.Ct. at 1218, for someone "acting under a statute that he reasonably believed to be valid but that was later held unconstitutional." *Id.* The latter element is incorporated by the *Woods* objective element.

■ Finally, I note that plaintiff alleges Eighth Amendment violations. Because none of the transactions he complains of relate to post-conviction punishment, the Eighth Amendment is not implicated. *See, e. g., Romeo v. Youngberg*, 644 F.2d 147, 156 & n.8 (3d Cir. 1980), *cert. granted*, —— U.S. ——, 101 S.Ct. 2313, 68 L.Ed.2d 838 (U.S.1981). Therefore, these claims must be dismissed.