Robert B. GRAHAM, Sr.

v.

UNITED STATES of America, et al.

Civ. A. No. 81–1475.

United States District Court,
E. D. Pennsylvania.

Dec. 22, 1981.

---

8. *Id.* at 7, 99 S.Ct. at 2103.

Robert B. Graham, Sr., pro se.

Peter F. Vaira, Jr., U. S. Atty., Dawn M. MacPhee, Asst. U. S. Atty., Philadelphia, Pa., for defendants; S. Martin Teel, Jr., Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., of counsel.

## MEMORANDUM

GILES, District Judge.

This suit arises out of the allegedly unconstitutional actions of the defendants relating to enforcement of third-party IRS summonses.[1] The defendants move to dis-

---

1. The plaintiff in this suit has been a defendant or intervenor in many summons-enforcement proceedings: *United States v. Graham*, C.A. No. 79–1211 (E.D.Pa. filed Apr. 2, 1979); *United States v. First Pa. Bank*, C.A. No. 81–327 (E.D.Pa. filed Jan. 28, 1981); *United States v. Home Unity Sav. & Loan Ass'n*, C.A. No. 81–328 (E.D.Pa. filed Jan. 28, 1981); *United States v. Cunningham*, C.A. No. 81–330 (E.D.Pa. filed Jan. 28, 1981); *United States v. Gross, Master, Schmeltzer & Co.*, C.A. No. 81–331 (E.D.Pa. filed Jan. 28, 1981); *United States v. Basil Inv. Corp.*, C.A. No. 81–333 (E.D.Pa. filed Jan. 28, 1981); *United States v. Basil Ins. Agency, Inc.*, C.A. No. 81–334 (E.D.Pa. filed Jan. 28, 1981); *United States v. Continental Bank*, C.A. No. 81–335 (E.D.Pa. filed Jan. 28, 1981); *United States v. Central Penn Nat'l Bank*, C.A. No. 81–336 (E.D.Pa. filed Jan. 28, 1981); *United States v. First Nat'l Bank & Trust Co.*, C.A. No. 81–337 (E.D.Pa. filed Jan. 28, 1981); *United States v. Cheltenham Nat'l Bank*, C.A. No. 81–339 (E.D.Pa. filed Jan. 28, 1981); *United States v. Philadelphia Nat'l Bank*, C.A. No. 81–340 (E.D.Pa. filed Jan. 28, 1981); *United States v. Philadelphia Sav. Fund Soc'y*, C.A. No. 81–341 (E.D.Pa. filed Jan. 28, 1981); *United States v. Frankford Trust Co.*, C.A. No. 81–342 (E.D.Pa. filed Jan. 28, 1981); *United States v. Girard Bank & Trust Co.*, C.A. No. 81–343 (E.D.Pa. filed Jan. 28, 1981); *United States v. William Penn Sav. & Loan Ass'n*, C.A. No. 81–344 (E.D.Pa. filed Jan. 28, 1981); *United States v. Fidelity Bank*, C.A. No. 81–345 (E.D.Pa. filed Jan. 28, 1981); *United States v. Trevose Fed. Sav. & Loan Ass'n*, C.A. No. 81–666 (E.D.Pa. filed Feb. 20, 1981); *see United States v. Basil Inv. Corp.*, C.A. No. 81–333 (E.D.Pa. Nov. 18, 1981) (memorandum and order holding defendants in contempt of court); *United States v.*

miss. For the reasons which follow, the motion is granted in part and denied in part.

## I. BACKGROUND

### A. *Complaint*

Mr. Graham's pro se complaint[2] names three defendants: the United States; James R. Hilferty, an IRS Special Agent; and Peter R. Vaira, the United States Attorney for this district. The complaint alleges two broad areas of wrongdoing. The first amounts to a claim of malicious or selective prosecution for the institution of the summons-enforcement proceedings cited in note 1 *supra*. *See* Complaint ¶¶ 5–19. In particular, Mr. Graham points to five proceedings where summonses were issued to banks in which he had no accounts. The government dismissed these actions. *See United States v. First Pennsylvania Bank,* C.A. No. 81–327, slip op. at 1–3 (E.D.Pa. Apr. 28, 1981) (Shapiro, J.).[3] Second, plaintiff complains about allegedly unconstitutional acts on the part of Hilferty and the IRS which are connected to, but not a part of the lawsuits. *See* Complaint ¶¶ 20–23. These acts include alleged interference with Mr. Graham's mail, illegal electronic surveillance, harassment and intimidation of Mr. Graham's family, and libel. *Id.* ¶ 20. As remedies, plaintiff asks for one-billion dollars damages and injunctive relief.

*First Pa. Bank*, C.A. No. 81–327 (E.D.Pa. Apr. 28, 1981) (memorandum denying costs to intervenors); *United States v. Graham*, C.A. No. 79–1211 (E.D.Pa. July 24, 1980) (memorandum and order fining defendant for contempt of court).

Mr. Graham also has appeared in federal-tax-related matters as a plaintiff. *E.g., Graham v. Hilferty*, C.A. No. 80–1040 (E.D.Pa. filed March 13, 1980) (action for immunity from criminal prosecution); *Graham v. Investors Guar. Life Ins. Co.*, C.A. No. 81–364 (E.D.Pa. filed Jan. 29, 1981) (action against third party for obeying IRS third-party summons); *see United States v. Graham, supra,* slip op. at 6–8. In addition, in his capacity as reverend, pastor, and trustee of the Holland Universal Life Church of Love, Mr. Graham has challenged local tax authorities' refusal to grant an exemption for his house. *In re Holland Universal Life Church of Love*, 38 Pa.Cmwlth.Ct. 529, 394 A.2d 665 (1978) (affirming denial of exemption), *allocatur denied*, (Pa. Feb. 22, 1979), *cert. denied*, 441 U.S. 946,

### B. *Defendants' Arguments*

Defendants make four arguments for dismissal. First, they contend that the suit is barred by the doctrine of sovereign immunity. Second, they argue that the Tax Anti-Injunction Act, I.R.C. § 7421(a), bars injunctive relief. Third, they maintain that the complaint fails to state a cause of action in that the pleaded "facts are insufficient to establish that defendants took any unlawful action," and that no cause of action can be implied directly under the Constitution "for investigative conduct for which direct means of redress are available." Finally they argue that the defendants are immune from suit either by virtue of absolute prosecutorial immunity, quasi-prosecutorial immunity, *see Butz v. Economou*, 438 U.S. 478, 508–17, 98 S.Ct. 2894, 2911–16, 57 L.Ed.2d 895 (1978), or qualified good-faith immunity.

### C. *Plaintiff's Response*

Plaintiff's answer to defendants' motion makes two arguments. The first is that no immunities exist in constitutional civil-rights suits: "Judicial immunity and/or official immunity are myths and judge-made doctrine in violation of the Constitution . . . ." Plaintiff's Answer at 6. Second he contends that the Tax Anti-Injunction Act either does not apply to *illegal* taxes and

99 S.Ct. 2167, 60 L.Ed.2d 1048 (1979); *see Graham v. Haas*, C.A. No. 79–1255 (E.D.Pa. Oct. 24, 1979) (dismissing federal action on ground of res judicata).

2. In this action, as in all actions cited in note 1 *supra* except *Graham v. Investors Guar. Life Ins. Co.*, Mr. Graham has exercised his right to "plead and conduct [his] . . . own cases personally." 28 U.S.C. § 1654.

3. In this court, all the enforcement actions, as well as the prior suit against Special Agent Hilferty, *see United States v. Graham*, C.A. No. 79–1211, slip op. at 6–8 (E.D.Pa. July 24, 1980), were consolidated before Judge Shapiro. Judge Cahn presided over the local-tax matter, *Graham v. Haas*, C.A. No. 79–1255. The action against the recipient of a third party subpoena, *Graham v. Investors Guar. Life Ins. Co.*, C.A. No. 81–364, has been assigned to Judge Bechtle.

tax investigation, or that the Act is irrelevant to this case. *Id.*

 While the first argument may reflect plaintiff's sincere and strong beliefs, and it may even have academic or theoretical merit, but it is wholly misdirected legally. The Supreme Court and the courts of appeals long have held that a variety of sovereign, absolute, and qualified immunities protect defendants in constitutional civil-rights actions.[4] I therefore am obliged to reject this argument.

## II. DISCUSSION

 Simply because plaintiff's legal arguments are incorrect does not mean that defendants' motion must be granted. I may not grant a motion to dismiss a pro se complaint[5] unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 28 L.Ed.2d 236 (1972) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957)). Although some of plaintiff's claims must be dismissed, there are others for which it is not now "beyond doubt" he may prevail. The decision as to which claims should be dismissed can best be explained in the context of each of defendants' four remaining arguments.

### A. *Sovereign Immunity*

 Defendants correctly assert that United States may not be sued except where expressly authorized by statute. *E.g., Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); *see Black v. United States,* 534 F.2d 524, 527

(2d Cir. 1976). Therefore, it follows that the claims against the United States must be dismissed.

 However, it does not automatically follow that the claims against the individual defendants must also fall. Sovereign immunity does not bar a claim for injunctive relief against an individual when he is alleged to have acted beyond his statutory powers or unconstitutionally. *See, e.g., Dugan,* 372 U.S. at 621–22, 83 S.Ct. at 1006–1007. Furthermore, as plaintiff points out, such claims are expressly authorized by the judge-made *Bivens* doctrine. *See Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

### B. *Tax Anti-Injunction Act*

 The Tax Anti-Injunction Act, I.R.C. § 7421(a), prohibits suits "for the purpose of restraining the assessment or collection of any tax." This language also prevents judicial interference in "activities which are intended to or may culminate in the assessment or collection of taxes." *United States v. Dema,* 544 F.2d 1373, 1376 (7th Cir. 1976), *cert. denied* 429 U.S. 1093, 97 S.Ct. 1106, 51 L.Ed.2d 539 (1977), *quoted in Blech v. United States,* 595 F.2d 462, 466 (9th Cir. 1979). Thus, the Act prohibits injunctions against both IRS investigations and allegedly harassing activities within the scope of those investigations. *Black v. United States,* 534 F.2d 524, 526–27 (2d Cir. 1976). Accordingly, this court lacks jurisdiction to entertain complaints relating to present or future IRS investigatory activities, and those portions of the complaint will be dismissed.[6]

---

**4.** I also note that the legislative history of 42 U.S.C. § 1983 is technically irrelevant to this case. Section 1983 creates a cause of action for violations of federal civil rights by those acting under color of *state* law. The defendants are all federal actors. Thus, this case must proceed as a *Bivens*-type action, *see Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), directly under the Constitution, rather than under § 1983.

**5.** *See* note 2 *supra.*

**6.** Nothing in the complaint would put this case within the narrow exception to the Anti-Injunction Act. *See Bob Jones Univ. v. Simon,* 416 U.S. 725, 749, 94 S.Ct. 2038, 2052, 40 L.Ed.2d 496 (1974). It is incomprehensible that in relation to an *investigation,* a plaintiff could ever "foreclose any notion that 'under no circumstances could the Government ultimately prevail.'" *Id.* (quoting *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962)).

The defendants interpret the complaint as relating entirely to activities within the scope of IRS investigations or enforcements. I, however, may not read the complaint so narrowly. *See* text following note 5 *supra.* Mr. Graham may be attempting to plead and prove illegal activities, such as wiretapping, *see* Complaint ¶ 20, having nothing to do with IRS investigations. If he can make this proof, he may be entitled to relief. Thus, I cannot dismiss these aspects of the complaint. Because the allegations are unclear, and the Act goes to the court's jurisdiction, I will require plaintiff to file a more definite statement of his claims against any proper party.

Finally, defendants argue that the Tax Anti-Injunction Act bars the award of damages for tax-assessment activities. *See Allen v. Cantrell*, [79–1] U.S. Tax Cas. ¶ 9171, at 86,258 (D.Kan.1978), and *Black Panther Party v. Alexander*, [75–1] U.S. Tax Cas. ¶ 9376, at 86,916 (N.D.Cal.1975). I disagree. The thrust of the Act is to prevent a taxpayer from bypassing adequate administrative and judicial forums provided by Congress. *See, e.g., Commissioner v. Shapiro*, 424 U.S. 614, 631, 96 S.Ct. 1062, 1072, 47 L.Ed.2d 278 (1976); *Black v. United States*, 534 F.2d 524, 527 (2d Cir. 1976). If a taxpayer utilizes those proceedings and prevails, for instance if he is acquitted in a criminal prosecution by showing a bad-faith Fourth Amendment violation, nothing in the Act prevents a later damage action. In those actions, IRS officials who acted in good faith will be protected by qualified immunity.[7] While it is true that forbidding damages entirely offers even more protection, *see, e.g., Allen*, [79–1] U.S. Tax Cas.

¶ 9171, at 86,258, the Act itself simply does not go that far. Accordingly, I hold that the Tax Anti-Injunction Act does not require dismissal of damage claims arising from past activities.

### C. *Failure to State a Claim*

Defendants make three arguments why plaintiff has failed to state a claim. First, they argue that the complaint does not allege any illegality on their part. So far as the complaint relates to the prior summons and summons-enforcements, defendants are correct. Furthermore, for the lawsuits in which the government prevailed, it has already been decided that the summonses were legal. Mr. Graham may not relitigate this question collaterally.[8] Five third-party summonses were withdrawn when it became apparent that Mr. Graham was not a depositor of the banks to which they were issued. The summons-enforcement process is structured so that these suits would not have gone forward but for Mr. Graham's resistance. As Judge Shapiro noted, those suits were caused by the plaintiff, not by the government.[9] Thus, plaintiff fails to state a claim in relation to issuance or enforcement of IRS summonses, and that portion of the complaint must be dismissed.

The defendant's first argument, however, ignores (1) many other allegations of the complaint; (2) the standard I must apply to a motion under Fed.R.Civ.Pro. 12(b)(6)—in particular that I must assume the truth of plaintiff's allegations for purposes of the motion; and (3) the more liberal treatment which I must accord a pro se complaint. *See* text following note 5 *supra.* Plaintiff alleges actions—*e.g.*, use of IRS

---

7. In addition, if the taxpayer did not prevail at the earlier proceedings, the officials could seek to take advantage of the doctrines of res judicata and collateral estoppel.

8. Plaintiff should be familiar with the doctrine of res judicata. *See Graham v. Haas*, C.A. No. 79–1255, slip op. at 5–9 (E.D.Pa. Oct. 23, 1979).

9. Judge Shapiro stated that:
 it was the conduct of the taxpayer-intervenors in failing to turn over books and records that led to the issuance of these third-party summonses. Moreover, ... the intervenors

by their own actions necessitated the enforcement proceeding of which they complain. On being notified of the summonses, the taxpayer-intervenors themselves knew, as the government did not, that five of these twelve banks held no funds of either of them. By staying compliance with the summonses they prevented these banks from so informing the government and led to each of the enforcement proceedings which were later dismissed.
 *United States v. First Pa. Bank*, C.A. No. 81–327, slip op. at 2 (E.D.Pa. Apr. 28, 1981).

investigations to harass, illegal mail interference, illegal wiretapping—which, if proven, would plainly violate the Constitution, the Internal Revenue Code, and the criminal laws of the United States.

Defendants next contend that no cause of action exists. This contention is contradicted by *Bivens*.

Finally, defendants restate their argument concerning the Tax Anti-Injunction Act. The Act, however, does not apply to the portions of the complaint which relate to past activities by the defendants or to activities outside the scope of tax investigations. Thus, this argument is also insufficient to compel dismissal.

### D. *Immunity*

#### 1. Absolute Immunity

 Defendants contend that immunity compels dismissal for three reasons. The first is that the United States Attorney is absolutely immune from liability for acts within the scope of his "judicial" capacity. *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); *see Butz v. Economou*, 438 U.S. 478, 508–17, 98 S.Ct. 2894, 2911–16, 57 L.Ed.2d 895 (1978). A decision to enforce a summons or seek contempt citations is like a decision to press charges, and thus is within the scope of absolute immunity. *See Davis v. Rendell*, 659 F.2d 374, 378 (3d Cir. 1981). Because the allegations concerning Mr. Vaira all relate to immune acts, the complaint must be dismissed as to him.

 Defendants rely on *Butz* for the proposition that an IRS Special Agent has absolute quasi-prosecutorial immunity. *See Butz*, 438 U.S. at 511–16, 98 S.Ct. at 2913–2915. On the current record, I disagree. *Butz* held that administrative employees are absolutely immune when their duties make them functionally equivalent to "judicial" officials with absolute immunity. Thus, hearing examiners and administrative law judges have absolute judicial immunity, *id.* at 514, 98 S.Ct. at 2914, agency officials have absolute prosecutorial immunity for decisions to initiate or continue agency ad-

judicative proceedings, *id.* at 515–16, 98 S.Ct. at 2915, and agency attorneys have absolute prosecutorial immunity in presentation of evidence at agency proceedings. *Id.* at 516–17, 98 S.Ct. at 2915. The Special Agent's affidavit is insufficient to convince me that he played any such role in relation to the undismissed claims of the plaintiff. No agency adjudicative proceeding is involved. The Special Agent's role in the events complained of appears to be investigative, and thus gives rise to only a qualified immunity.

#### 2. Qualified Immunity

 Defendants' third immunity argument is that qualified immunity insulates the Special Agent from this lawsuit. The qualified-immunity defense, as propounded in *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), has two elements which a defendant must prove. *See, e.g., Fowler v. Nicholas*, 522 F.Supp. 655, 657–58 (E.D.Pa.1981). He must first satisfy the subjective element of good faith, which requires that he act sincerely with a belief that he is doing right. *Wood*, 420 U.S. at 322, 95 S.Ct. at 1001. He must also satisfy the objective element by proving that he neither knew nor reasonably should have known that his actions violated the plaintiff's rights. *Id.; see Fowler*, 522 F.Supp. at 657.

 In an apparent effort to meet these tests, defendants have submitted affidavits stating that the Special Agent believes that he "was acting in good faith . . . and with a reasonable belief in the validity of [his] . . . conduct." [10] The affidavit passes neither prong of the qualified-immunity defense. It fails the subjective test because it is vague, fails to respond specifically to the activities alleged in the complaint, and because it is couched in terms of legal conclusions. It fails the objective test because it is irrelevant. Defendant's *belief* in the legality of his actions has no bearing on the question whether he ought to have realized that he acted illegally. Therefore, I cannot find that defendant Hilferty is immune.

---

**10.** This affidavit, which is missing the claimed exhibit purportedly containing a detailed job description, converts the motion into one for summary judgment.

### III. CONCLUSION

The claims against the United States and United States Attorney Vaira are dismissed. All claims relating to actions within the scope of present or future tax investigations, assessments, collections, and prosecutions are also dismissed. Likewise, all claims relating to IRS summonses and summons-enforcement proceedings are dismissed. The only claim remaining is that against Special Agent Hilferty for actions outside the scope of tax investigations.

My decision today does not mean that plaintiff will prevail—only that this litigation must progress further. Defendant Hilferty is free to attempt to prove qualified immunity, and I do not preclude him from renewing the absolute-immunity argument if he can show in detail that his job is, in whole or part, functionally equivalent to those directly involved in the judicial process.

The motion is granted in part and denied in part. An appropriate order follows.

### ORDER

AND NOW, this 22nd day of December, 1981, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

2. Defendants United States and Peter F. Vaira are DISMISSED.

3. Within twenty days after entry of this order, plaintiff shall file a More Definite Statement as to defendant Special Agent Hilferty, specifying, for *each* allegedly illegal act:

 a. the nature of the alleged act;

 b. the date of the alleged act;

 c. the location of the alleged act;

 d. defendant Hilferty's connection to the alleged act;

 e. whether the alleged act was connected to tax investigation or enforcement activity;

 f. why the alleged act is illegal.

Failure to timely file such a statement may result in appropriate sanctions, including dismissal.

4. Within fifteen days after service of the More Definite Statement, defendant Hilferty shall file his answer to the complaint, and also shall respond to the More Definite Statement.

5. Plaintiff's Motion to Compel Production of Documents is DENIED on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.