**Gary Alohawiwoole ALTMAN, Plaintiff,**

v.

**Ralph FULLER, Defendant.**

**Civ. No. 87–0078.**

United States District Court,
D. Hawaii.

Aug. 28, 1987.

Robert A. Smith, Honolulu, Hawaii, for plaintiff.

Daniel Bent, Michael Chun, David Bunning, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

KAY, District Judge.

The court, having reviewed the motion and memoranda in support thereof and in opposition thereto, having heard the oral arguments of counsel and being fully apprised therein, finds as follows:

The defendant, Mr. Ralph Fuller, is an Internal Revenue Service Agent in Hilo. The plaintiff, Mr. Gary Altman, is a tax practitioner. The law firm of Altman & Vanairsdale was accused of failing to pay employee withholding and FICA taxes.

On October 22, 1986, without scheduling a specific date for an appointment, Fuller telephoned Altman that he would be serving an administrative summons upon him to require the production of records. If a specific time and date was set, Fuller believed that Altman would not keep the appointment or would keep him waiting. Fuller arrived at Altman's office on October 28, 1986. Three other persons were waiting in the reception room. Fuller waited for 15 minutes in the reception room and saw no taxpayer records or other papers. When the secretary went into Altman's inner office to inform him of Fuller's presence, Fuller followed her to the door. The interior of the private office is not viewable from the reception area. Fuller served Altman in Altman's inner office. The parties dispute whether Altman told him to leave immediately, or expressed any other disagreement with the manner of service. All parties agree that the time for service was relatively short.

On October 31, 1986, Altman told the *I.R.S.* to make an appointment before sending Fuller to make any future service of summons. On December 30, 1986, Fuller appeared at the office twice to serve similar administrative summonses on the plaintiff's employees. Fuller did not make an appointment.

The complaint states two causes of action: 1) common law trespass; and 2) a constitutional violation of privacy.

█ Fuller has absolute immunity from common law torts performed within the perimeters of his authority. *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). The alleged trespass is a state law claim which Fuller performed during the course of his job as an I.R.S. agent. Therefore, the common law claim for trespass is dismissed.

█ An action against an official in his official capacity is barred by the doctrine of sovereign immunity. *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). However, if the damages are sought solely from the individual officer and will not as a practical matter be paid from the U.S. Treasury or interfere with the administration of the government, the doctrine of sovereign immunity will not apply. *Id.* The plaintiff asserts that the present lawsuit is asserted against Fuller in his individual capacity.

█ The court finds that the Anti–Injunction Act, 26 U.S.C. § 7421(a) requires that the case be dismissed without prejudice to refile after the tax case is completed.

26 U.S.C. § 7421(a) states:

[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The Act applies to not only the actual assessment of the taxes, but also "to activities which are intended to or may culminate in the assessment or collection of taxes." *Blech v. United States,* 595 F.2d 462, 466 (9th Cir.1979), quoting *United States v. Dema,* 544 F.2d 1373, 1376 (7th Cir.1976); *Abramson v. Quarles,* 49 AFTR 875 (W.D. La.1982) [Available on WESTLAW, 1982 WL 1606]. Therefore, the Anti–Injunction Act applies to the service of an administrative summons to gather information necessary for the collection and assessment of a tax. *United States v. First Family Mort-*

*gage Corp.*, 739 F.2d 1275 (7th Cir.1984) (Anti–Injunction Act applicable to an action to enjoin acquiring or using information necessary to determine appropriate tax assessment).

■ The court notes that the Supreme Court has stated that the constitutional nature of the claim does not affect the analysis. "[T]he constitutional nature of a taxpayer's claim, as distinct from its probability of success, is of no consequence under the Anti–Injunction Act." *Alexander v. Americans United Inc.*, 416 U.S. 752, 94 S.Ct. 2053, 2058, 40 L.Ed.2d 518 (1974).

The two purposes of the Anti–Injunction Act are:

the efficient and expeditious collection of taxes with "a minimum of preenforcement judicial interference," and protection of the collector from litigation pending a refund suit.

*United States v. American Friends Service Committee*, 419 U.S. 7, 95 S.Ct. 13, 16, 42 L.Ed.2d 7 (1974) quoting from *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974).

■ The plaintiff claims that the Act does not apply to damage claims. However, the case law is strongly to the contrary. In cases where injunctive relief is barred, the courts will also bar damage suits. *Universal Life Church, Inc. v. I.R.S.*, 50 AFTR 5361 (E.D.Cal.1982) (court denied injunctive or monetary damages for alleged constitutional violations); *Black Panther Party v. Alexander*, 75 USTC ¶ 9376 (N.D.Cal.1975); *Allen v. Cantrell*, 43 AFTR 2d 79–710 (D.Kan.1978) [Available on WESTLAW, 1978 WL 1258]. So, where the court lacks jurisdiction to grant injunctive relief, it similarly lacks jurisdiction to issue monetary relief. *See also Professional Engineers, Inc. v. United States*, 527 F.2d 597 (4th Cir.1975).

Two cases have upheld damage claims against the I.R.S. In *Graham v. United States*, 528 F.Supp. 933 (E.D.Penn.1981), the plaintiff sued the I.R.S. for harassing investigations and activities within the scope of the investigation. The court held that the Anti–Injunction Act prohibited injunctions relating to present or future investigatory activities. However, the court permitted damage claims for activities performed in completed tax cases. *Id.* at 937–38.

In *Pascoe v. I.R.S.*, 580 F.Supp. 649 (E.D. Mich.1984), the I.R.S. ordered an employer to withhold more taxes than the employee's W–4 form would require. The court cited to *Graham*, and distinguished between injunctive and monetary relief. The court denied the claim for injunctive relief, but permitted the claim for damages under *Bivens v. Six Unknown Named F.B.I. Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

*Pascoe* is contrary to the majority of cases which do not distinguish between injunctive and monetary relief. The purpose of the Anti–Injunction Act is to protect I.R.S. agents during the course of the investigation, and to encourage expeditious collection of taxes. These purposes would be as easily defeated by a lawsuit for monetary damages as by a lawsuit for injunctive relief. Therefore, the court chooses not to follow *Pascoe*.

The court is persuaded by the reasoning of *Graham*. The I.R.S. will not be impeded or hampered in its collection efforts by a lawsuit filed after the taxes are collected. The government contends that the I.R.S. may violate a person's constitutional rights unless the plaintiff can prove that under no circumstances can the government prevail on the merits. *Enochs v. Williams Packing and Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). Such a ruling would permit the I.R.S. extraordinary lattitude in violating the Constitution. However, the purposes of the Anti–Injunction Act are served by permitting judicial action after the investigation is completed. Therefore, the constitutional allegation is dismissed without prejudice to raise the same after the conclusion of the I.R.S. investigation.

■ The court notes that the plaintiff has not specifically raised the narrow exception to the Anti–Injunction Act. Under this exception, the plaintiff must prove two elements: 1) under no circumstances can

the Government prevail on the merits of the tax claim; and 2) that absent injunctive relief the moving party will suffer irreparable harm. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

■ Fuller delivered a summons in plaintiff's inner office. He left soon after being told to leave, and did not inspect any of the documents or papers. When he returned to deliver other documents, he did not enter the private offices of the attorneys, but restricted his presence to the public waiting room.

There is probably no legitimate expectation of privacy in a public reception area. *Maryland v. Macon*, 472 U.S. 463, 105 S.Ct. 2778, 86 L.Ed.2d 370 (1985) (no legitimate expectation of privacy in store open to the public). Altman permitted various other members of the public with no direct relation to the alleged tax records to be present in the reception room in plain view of the documents. So, Fuller's presence there did not violate the plaintiff's right to privacy. If Altman wishes to keep these files confidential, he should not leave them open in a public area. By not raising this issue, Altman seems to accept this argument, *sub silentio.*

The right of privacy to the inner office is more difficult. There may be a legitimate expectation of privacy to one's inner office which is not a public area. *State v. Baker*, 112 N.J.Super. 351, 271 A.2d 435 (1970) (a policeman may not walk into the backroom of a store to which the public is not invited).

However, Fuller's actions were not unreasonable. First, he did not barge into the office. He followed the secretary to the door of the inner office. Second, the door to the office was open. Third, Fuller did not review any of the documents or records. Fourth, Fuller did not return to the inner office after the first visit. He was only informed that his presence was not welcome after the first visit. There is no indication that Fuller intends to reenter the private office. Finally, other individuals are allowed into Altman's office. Until Fuller was told to leave, it was unclear

whether Altman intended to exclude Fuller from his private office. Therefore, Fuller's actions do not clearly violate Altman's legitimate and reasonable expectation of privacy in Altman's inner office.

Because the plaintiff has not asserted the exception to the Anti–Injunction Act, and because it is doubtful whether he could prevail if he did, the court will apply the Anti–Injunction Act to the present case.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss be, and the same is, GRANTED without prejudice to refile in accordance with the discussion hereinabove.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS.