**Angelo STEFANELLI, Plaintiff,**

v.

**C. A. SILVESTRI, John J. Witkowski, Clark County School District, et al., Defendants.**

**Civ. No. LV 81–372 RDF.**

United States District Court,
D. Nevada.

Nov. 4, 1981.

Angelo Stefanelli, in pro per.

Robert L. Petroni, Legal Counsel for Clark County School Dist. by Thomas J. Moore, Asst. Legal Counsel, Las Vegas, Nev., for defendants.

## ORDER RE MOTIONS

ROGER D. FOLEY, District Judge.

Plaintiff Angelo Stefanelli brings this action against defendants C. A. Silvestri, John J. Witkowski and the Clark County School District. Jurisdiction is alleged under Title 28 U.S.C. §§ 1331, 1340 and 1343. This action is brought pursuant to Title 42 U.S.C. §§ 1983, 1985 and 1986.

Plaintiff alleges in pro per that he filed a completed Form W–4 claiming he was exempt from paying any withholding taxes in accordance with Title 26 U.S.C. § 3402(n) and the applicable Internal Revenue Service (IRS) regulations. Plaintiff further alleges that the defendants honored the form for two payroll periods and then dishonored it for nine months because they received a letter from the IRS which stated that the plaintiff was not entitled to claim exemption from withholding. A copy of the letter was sent to the plaintiff informing him that the determination of the IRS could be reviewed by contacting the appropriate IRS official.

Plaintiff alleges that he filed a corrected Form W–4 which was honored by the defendants for one payroll period. Plaintiff then alleges that he confronted defendants John Witkowski and Charles Silvestri, employees of the Clark County School District, and that both of them stated that they must comply with the letter from the IRS and not honor the plaintiff's Form W–4.

Plaintiff alleges that this violates his Fifth Amendment rights to due process and his Fourteenth Amendment rights to equal protection of the law. Plaintiff prays for $250,000 in punitive damages, $50,000 in

compensatory damages, an injunction against further confiscation of plaintiff's property, and an injunction against further interference by the defendants in plaintiff's dispute with the IRS.

This is not the first time that the plaintiff has filed suit against these same defendants. In *Stefanelli v. Silvestri*, Civil LV 80–181 HEC (D.Nev.1980), plaintiff alleged basically the same facts and the same causes of action that are alleged in this suit. The Court granted a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The facts in the first case clearly involve allegations of improper withholding of taxes for the year 1980. It is unclear from the complaint filed in the present case whether the suit involves allegations of improper withholding of taxes for the year 1980 or for both 1980 and 1981. This Court will determine if the plaintiff has stated a claim for either year since this Court must construe pro se civil rights complaints liberally.

## MOTIONS BEFORE THE COURT

The defendants bring a motion to dismiss pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of subject matter jurisdiction, and under Rule 12(b)(6), FRCP, for failure to state a claim upon which relief can be granted. The defendants also seek a protective order pursuant to Rule 26(c)(1), FRCP, to prevent discovery pending disposition of the motion to dismiss.

### 1. *The Claims for Injunctive Relief*

■ This type of claim for relief was recently rejected in the case of *Lynch v. Polaroid Corp.*, 80–1 U.S.T.C. ¶ 9191 (D.Mass.1980). The Court held that it lacked subject matter jurisdiction under the anti-injunction provision contained in Title 26 U.S.C. § 7421(a) which prohibits suits to restrain or interfere with the collection of taxes. The Court further stated that the proper method of challenging one's withholding tax assessment is to pay the tax allegedly due and thereafter sue for a refund.

The holding in *Lynch* is similar to the holding in *Stefanelli v. Silvestri*, supra, in which Judge Claiborne stated:

"The Defendants argue that, although the suit is styled as one seeking relief against the Defendants in their capacity as an employer of the Plaintiff, in reality this is an action to enjoin the Government from collecting taxes. I agree with the Defendants. To grant the Plaintiff's requested injunctive relief would clearly amount to 'judicial interference' with the 'expeditious collection of taxes' and as such would clearly be contrary to § 7421(a). *United States v. American Friends Service Committee*, 419 U.S. 7, 12, 95 S.Ct. 13, 16, 42 L.Ed.2d 7 (1974)."

Plaintiff's claims for injunctive relief are hereby dismissed with prejudice on the grounds that this Court lacks subject matter jurisdiction.

### 2. *The Title 42 U.S.C. §§ 1985 and 1986 Claims*

■ The complaint does not contain any allegations that the plaintiff was discriminated against on some racial or other class-based discriminatory animus. Hence, the complaint fails to state a claim upon which relief can be granted under Title 42 U.S.C. § 1985. *Atkins v. Lanning*, 556 F.2d 485 (10th Cir. 1977). There can be no valid claim under Title 42 U.S.C. § 1986 for neglect to prevent a known conspiracy in the absence of a conspiracy under Title 42 U.S.C. § 1985. *Hamilton v. Chaffin*, 506 F.2d 904 (5th Cir. 1975). Therefore, the Title 42 U.S.C. §§ 1985 and 1986 claims are dismissed with prejudice for failure to state a claim upon which relief can be granted.

### 3. *The Title 42 U.S.C. § 1983 Claims*

■ Plaintiff alleges that his Fourth and Fourteenth Amendment rights were violated when the defendants refused to honor his Form W–4 exemption certificate. This claim was directly addressed in the recent case of *Rapp v. Peper*, 80–1 U.S.T.C. ¶ 9204 (D.Alas.1979). In *Rapp*, the plaintiff was employed by the Anchorage School District which refused to honor the plaintiff's Form

W–4 exemption certificate pursuant to instructions from the IRS. Plaintiff brought a pro se action pursuant to Title 42 U.S.C. §§ 1983, 1985 and 1986 against certain school district officials and IRS employees. The plaintiff alleged that her rights to due process under the Fifth Amendment, to be secure in her property under the Fourth Amendment, her rights to self-authority under the Ninth Amendment, and her rights to equal protection under the law under the Fourteenth Amendment were violated by the allegedly improper withholding. The Court held that there was no constitutional violation and granted the motion to dismiss. Id.

Other courts have held that there is no violation of due process where the IRS has informed the individual of a procedure by which he can appeal or correct the IRS determination. *Smith v. Heller*, 80–1 U.S. T.C. ¶ 9458 (D.Ore.1979); *Salisbury v. Heller*, 45 AFTR 2d 80–599 (D.Ore.1979). Furthermore, courts have also held that federal income tax withholding does not result in the taking of property without due process of law. *United States v. Smith*, 484 F.2d 8 (10th Cir. 1975). Plaintiff's complaint fails to state a claim upon which relief can be granted under Title 42 U.S.C. § 1983 as to any constitutional violation. Cf. *Stefanelli v. Silvestri*, supra.

■ This Court also does not believe that the defendants have violated federal law in regard to plaintiff's withholding taxes. Title 26 U.S.C. § 3402(n) states as follows:

"*Employees incurring no income tax liability.* Notwithstanding any other provision of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to such payment a withholding exemption certificate (in such form and containing such other information as the Secretary may prescribe) furnished to the employer by the employee certifying that the employee—

(1) incurred no liability for income tax imposed under subtitle A for his preceding taxable year, and

(2) anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year."

Plaintiff argues that the employer must accept his Form W–4 exemption certificate under this statute based on this Court's decision in *Rackey v. County of Clark*, Civil LV 79–260 RDF (D.Nev.1980). In *Rackey*, this Court refused to grant a motion to dismiss a similar complaint on the basis that Title 26 U.S.C. § 3402(n) created a remedy against excessive withholding by an employer. This Court based its decision on dicta contained in *United States v. Malinowski*, 347 F.Supp. 347, 352 (E.D.Pa.1972), aff'd, 472 F.2d 850 (3d Cir.), cert. denied, 411 U.S. 970 (1973), which implied that an employer was precluded from questioning the bona fide files of an employee's withholding exemption certificate and that the IRS's remedy is to bring a criminal action for filing a false certificate under Title 26 U.S.C. § 7205.

This Court's decision in *Rackey* is clearly wrong and is hereby overruled. The IRS's authority to require employers to disregard an employee's Form W–4 exemption certificate has been upheld by many courts. E. g., *Lynch v. Polaroid Corp.*, supra; *Rapp v. Peper*, supra; *Smith v. Heller*, supra; *Salisbury v. Heller*, supra. Furthermore, employers can be held liable under Title 26 U.S.C. § 3403 if they fail to withhold the proper amount and individual officers and officials can be held personally liable for the proper amount under Title 26 U.S.C. § 6672. The defendants in this case did not violate Title 26 U.S.C. § 3402(n) as to the plaintiff by merely complying with the instructions of the IRS. Plaintiff has failed to allege a violation of federal law which could sustain a claim pursuant to Title 42 U.S.C. § 1983.

## CONCLUSION

Plaintiff's complaint is hereby dismissed with prejudice against all the defendants in this case. Plaintiff's claims for injunctive relief are dismissed with prejudice because this Court lacks subject matter jurisdiction. Plaintiff's claims pursuant to Title 42

U.S.C. §§ 1983, 1985 and 1986 are dismissed with prejudice because they fail to state a claim upon which relief can be granted. Let judgment be entered accordingly.