**Florence Elizabeth FLOWERS, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

No. K83–171 CA4.

United States District Court, W.D. Michigan.

Aug. 5, 1983.

Brenda Braceful, Asst. U.S. Atty., Grand Rapids, Mich. and Charles Fash, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

OPINION

ENSLEN, District Judge.

The Defendant moves to dismiss this action brought to enjoin him from collecting a penalty imposed on plaintiff taxpayer. The penalty was imposed pursuant to 26 U.S.C. § 6682(a)[1], which allows the imposition of a $500.00 penalty against taxpayers who submit W–4 forms containing false information. The Defendant contends that this court is without subject matter jurisdiction, that the action is barred by the doctrine of sovereign immunity, and that the complaint fails to state a claim upon which relief can be granted. Because the court finds that it is without jurisdiction to consider this matter, it will consider only that argument.

---

**1.** IRC § 6682(a) provides for the assessment of a $500 penalty for statements made by employees on IRS forms W–4 when the employee had no reasonable basis for making the statement, and when the statement results in a decrease in amounts withheld, in accordance with the Internal Revenue Code, from the wages of the employees.

Section 7421(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 7421(a), provides in pertinent part that:

"... no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person ..."[2]

 Federal courts have considered penalties of all types to be taxes within the meaning of § 7421(a). *Professional Engineers, Inc. v. United States*, 527 F.2d 597 (4th Cir.1975). Moreover, the penalty for providing false withholding information is specifically defined as a tax by 26 U.S.C. § 6660(a)(2). Accordingly, the court finds that plaintiff is asking that the collection of a tax be enjoined. The prohibition contained in § 7421(a) has been strictly enforced by lower courts and consistently upheld by the Supreme Court. *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Alexander v. "Americans United", Inc.*, 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974).

In *Enochs v. Williams Packing and Navigation Company*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Supreme Court created a judicial exception to § 7421(a). However, under that exception, in order for an injunction to be granted, it is incumbent upon the taxpayer to establish: (a) that under the most liberal view of the facts and law, the government cannot prevail on the merits; and (b) special and extraordinary circumstances indicate that plaintiff does not have an adequate remedy at law.

The plaintiff fails to satisfy either of these requirements. First, she makes no showing that the United States could not prevail on the merits. Second, she makes no showing of special or extraordinary circumstances that would indicate that plaintiff is without an adequate remedy at law. The mere allegation that she has a reasonable basis for claiming the number of exceptions she did on her W-4 form does not show that the defendant cannot prevail on the merits.

The plaintiff's claim of irreparable injury is also untenable.[3] If she is not liable for the penalty, she can simply file a claim for refund after the Internal Revenue Service collects it and, if not granted, can sue for a refund as authorized by 26 U.S.C. § 7422. Since the federal district courts are a forum through which plaintiff could request a refund of the amounts collected, she clearly has an adequate remedy at law.

For all the foregoing reasons, the judicially created exemption to § 7421(a) is inapplicable to these facts. Accordingly, the court is without jurisdiction and will enter an order to that effect this date.

---

**2.** Although there are enumerated exceptions to this section, none of them have application to this case. See 26 U.S.C. § 6682(c).

**3.** Plaintiff's prior request for a temporary restraining order was denied because it failed to satisfy the requisite elements set forth in *Mason County Medical Association v. Knebel*, 563 F.2d 256, 261 (CA 6 1977). *See* this Court's Order of May 4, 1983.