Don C. PASCOE, Plaintiff,

v.

INTERNAL REVENUE SERVICE and I.R.S. Agent H. Novy, and Zantop International Airlines and Zia Agent H. Zantop, Defendants.

Civ. A. No. 83CV–6472–AA.

United States District Court, E.D. Michigan, S.D.

Feb. 17, 1984.

Don C. Pascoe, Ypsilanti, Mich., for plaintiff.

James H. Loree, Ypsilanti, Mich., Charles H. Fash, Tax Div., Dept. of Justice, Washington, D.C., Lynn K. Richardson, Asst. U.S. Atty., Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case is before the Court on plaintiff's motion for a preliminary injunction, and on the motions of all four defendants to dismiss and for attorney's fees. For the reasons stated herein, plaintiff's motion is denied, and the motions of the defendants are granted.

■ The facts in this case are undisputed. Plaintiff filed a W–4 form indicating that he would not incur any federal income

tax liability for the year 1983. The I.R.S. has regulatory authority to disregard the W–4 form if it has reason to believe that the information contained therein is false, and to order the employer to withhold taxes from the taxpayer's wages, 26 C.F.R. § 31.3402(f)(2)–(1)(g)(5).[1] Plaintiff's employer, Zantop International Airlines (ZIA) consequently began to withhold taxes from plaintiff's wages according to the schedule established for a person claiming a single exemption.

Plaintiff filed suit in this Court against ZIA, ZIA agent H. Zantop, the I.R.S., and I.R.S. agent H. Novy, alleging that the conduct of the defendants amounted to an "illegal distraint" upon plaintiff's property, seeking declaratory and injunctive relief, and an award of money damages.

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has moved for a preliminary injunction, prohibiting the defendants from continuing to withhold taxes from his wages, and ordering them to return to plaintiff taxes already withheld.

■ Ordinarily, a party seeking preliminary injunctive relief must demonstrate four things: (1) that there is a substantial likelihood that he will prevail on the merits; (2) that failure of the Court to grant the requested relief will result in irreparable injury (also described as a showing that the party seeking relief is without an adequate remedy at law); (3) that the balance of hardships, taking into account the hardship that will result to the party seeking relief if relief is denied, and the hardship that will result to the party opposing the relief if relief is granted, tips decidedly in favor of the party seeking relief; and (4) that public policy militates in favor of granting the requested relief, *see e.g. Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980). In a case such as this in which a person is seeking to enjoin the Internal Revenue Service from collecting taxes however, the plaintiff must meet a much stiffer burden. Section 7421(a) of the Internal Revenue Code provides in pertinent part that:

> [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person.

The Supreme Court has determined that this prohibition is somewhat less than absolute. In *Enochs v. Williams Packing and Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962) the Court indicated that a taxpayer could obtain an injunction against collection of taxes only if he could demonstrate that (1) the government could not possibly prevail on the merits, and (2) failure to grant injunctive relief would result in irreparable harm to the taxpayer.

■ Plaintiff has failed to demonstrate either of these requirements in this case. As the following discussion of the government's motion to dismiss indicates, plaintiff

---

1. The pertinent portion of that regulatory provision reads as follows:

 (5) Computation of withholding. (i) Until receipt of written notice from the Internal Revenue Service that a certificate, a copy of which was submitted under this section, is defective, that certificate is effective and the employer shall withhold on the basis of the statements made in that certificate, unless that certificate must be disregarded under the provisions of paragraph (g)(5)(vi) of this section.

 (ii) The Internal Revenue Service may find that a copy of a withholding exemption certificate submitted contains a materially incorrect statement or it may determine, after written request to the employee for verification of the statements on the certificate, that it lacks sufficient information to determine if the certificate is correct. If the Internal Revenue Service so finds or determines and notifies the employer in writing that the certificate is defective, the employer shall then consider the certificate to be defective for purposes of computing amounts of withholding.

 (iii) If the Internal Revenue Service notifies the employer that the certificate is defective, the Internal Revenue Service will, based upon its findings, advise the employer that the employee either is not entitled to claim a status exempting the employee from withholding or is not entitled to claim a total number of withholding exemptions in excess of a number specified by the Internal Revenue Service in the notice, or both. The Internal Revenue Service will also specify the Internal Revenue Service office to be contacted for further information.

has not prevailed on the merits of this case, let alone demonstrated that the government could not prevail. Second, even if the plaintiff could have made the required showing with respect to the merits, he is not irreparably injured by the refusal of the Court to grant his request for injunctive relief. Plaintiff has a perfectly adequate remedy at law, a suit for refund as authorized by 26 U.S.C. § 7422, *see Flowers v. Commissioner of I.R.S.*, 573 F.Supp. 21, 22 (W.D.Mich.1983).

For the foregoing reasons, the plaintiff's motion for preliminary injunction is denied.

### MOTION OF DEFENDANTS INTERNAL REVENUE SERVICE AND NOVY TO DISMISS

The governmental defendants have advanced several separate grounds for dismissal of this case. The Court concludes that two of these grounds justify dismissal of the entire action against those defendants and therefore grants the motion.

■ The governmental defendants urge that this action is barred by operation of the Anti-Injunction Act, 26 U.S.C. § 7421(a). Insofar as plaintiff is requesting injunctive relief against the I.R.S. and Novy, i.e. an order prohibiting them from withholding taxes in the future, and compelling those defendants to return to plaintiff taxes already withheld, the Court refers to its holding *supra* that plaintiff has failed to make the requisite showing of virtual certainty of victory on the merits and of irreparable harm. His claim for injunctive relief against the I.R.S. and Novy is therefore dismissed by operation of the Anti-Injunction Act.

■ The Anti-Injunction Act, however, cannot serve as a bar to plaintiff's action at law for damages against Novy, *see Graham v. United States*, 528 F.Supp. 933, 938 (E.D.Pa.1981). Such a claim, broadly construed, is one for violation of constitutional rights against a federal official acting beyond the scope of his statutory authority, *cf. Bivens v. Six Unknown Named F.B.I.*

*Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The government defendants urge as an alternative ground for dismissal the failure of plaintiff to state a cause of action upon which relief can be granted. Plaintiff has alleged that the withholding of his federal income taxes is neither authorized by federal statute, nor is the taking of such income prior to a judicial determination of liability consonant with the due process clause of the Fifth Amendment.

### THE STATUTORY CLAIMS

■ As an initial matter, plaintiff asserts that the wages that he received from ZIA did not constitute "income" as that term is used in 26 U.S.C. § 61, and that such wages are therefore not subject to taxation. This argument is, of course, wholly without merit. Although § 61 does not by its terms define income, the courts have repeatedly stated that the term is broad enough to include as compensation any economic or financial benefit from any source, conferred in any form on any employee, *see e.g. Ritter v. United States*, 393 F.2d 823 (Ct.Cls.), *cert. denied* 393 U.S. 844, 89 S.Ct. 127, 21 L.Ed.2d 115 (1968). Such a broad definition of "income" certainly would encompass the primary and perhaps only source of compensation that plaintiff receives from his employer, his wages.

■ Plaintiff next contends that the I.R.S. cannot disregard a taxpayer's statement concerning exempt status on his W-4 form, citing 26 U.S.C. § 3402(n). The relevant portion of that statute provides:

Notwithstanding any other provision of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to such payment a withholding exemption certificate ... furnished to the employer by the employee certifying that the employee—

(1) incurred no liability for income tax imposed under subtitle A for his preceding taxable year, and

(2) anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year.

Nothing in this section prohibits an employer from voluntarily complying with a letter from the I.R.S., issued pursuant to 26 C.F.R. 31.3402(f)(2)–(1)(g)(5), directing the employer to withhold taxes. Rather, the statute, by its terms, confers upon the employer a right to respect the claim of exemption by one of its employees without subjecting itself to liability or official compulsion to do otherwise. In other words, the statute governs the relationship between the employer, who is obligated under § 3402 to withhold taxes, and the I.R.S. It says nothing about the legal rights and responsibilities that arise between the employer and the employee. Further, the statute does not by its terms prevent the I.R.S. from issuing a letter to the employer, indicating that the employee's withholding exemption certificate is invalid.

The question of whether or not an employer could disregard a directive from the I.R.S. to withhold taxes in contravention of an employee's claim of exemption is not before the Court in this case. The Court reiterates its holding that § 3402(n) does not confer upon the employee the right to be free from withholding merely because he has filed a W–4 certificate indicating that he will incur no tax liability, *see Stefanelli v. Sylvestri,* 524 F.Supp. 1317, 1320 (D.Nev.1981), *aff'd* 698 F.2d 1232 (9th Cir. 1982). This Court will not impute to Congress the purpose of undermining the elaborate procedure for withholding of taxes established by § 3402 by permitting the taxpayer to avoid withholding with a mere unsupported, undocumented claim of exemption that is not subject to administrative review.

Next, plaintiff contends that the Internal Revenue Code does not compel him to file an income tax return, and that the Internal Revenue Service must submit a bill of assessment upon each person before that person becomes liable for income taxes. This position is of questionable relevance to this case, insofar as plaintiff has not been charged with failure to file an income tax return. Rather, plaintiff is complaining that the defendants have wrongfully withheld taxes.

In any event, plaintiff's argument that he is not required to file a return flies in the face of the plain language of 26 U.S.C. § 6012(a), which states:

(a) General Rule—Returns with respect to income taxes under Subtitle A shall be made by the following:

(1)(A) Every individual having for the taxable year a gross income of $1,000 or more, except that a return shall not be required of an individual . . .

The balance of the subsection lists a series of exceptions from the class of persons who "shall" make a return. Plaintiff argues that the word "shall" should not be read to indicate "must", with the resultant imposition of a legal duty upon persons earning more than $1,000 per annum to file returns. Rather, plaintiff argues that "shall" should be read to mean "may", in order to avoid an unconstitutional result.

 Plaintiff does not indicate why the plain meaning of the statute, according to which tens of millions of our citizens undertake the dreary task of dutifully filing their tax returns each year, should be disregarded by this Court. Plaintiff has advanced no reasons why this plain meaning would bring the statute into a conflict with the Constitution. The Court concludes that "shall" does indeed mean "must", and § 6012(a) imposes upon plaintiff the legal obligation to file a tax return each year, *see, Polish Army Veterans Post 147 v. Commissioner of Internal Revenue,* 236 F.2d 509 (3rd Cir.1956). The fact that the Secretary of the Treasury is authorized under § 6020 to prepare and execute a return on behalf of the taxpayer who fails to make such a return does not relieve the taxpayer of his obligation to file a return as imposed by § 6012(a).

## THE CONSTITUTIONAL CLAIM

 Finally, plaintiff argues that the withholding of taxes prior to a judicial determination that such taxes are owing

**654**

constitutes a violation of the due process clause of the Fifth Amendment. The Supreme Court addressed a similar argument many years ago and found it wanting, *Phillips v. Commissioner,* 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931) (summary procedure whereby transferees of property of dissolved corporation were required to pay unpaid taxes of the corporation prior to a judicial determination of liability did not violate due process). As stated by Justice Brandeis in *Phillips:*

> Where, as here, adequate opportunity is afforded for later judicial determination of the legal rights, summary proceedings to secure prompt performance of pecuniary obligations to the government have been consistently sustained.

*Id.* at 595, 51 S.Ct. at 611.

More recently, the Court has reaffirmed its holding in *Phillips* that the use of summary procedures to collect the federal revenues did not offend due process when the taxpayer was given an adequate post-deprivation procedure to challenge the taking, *Fuentes v. Shevin,* 407 U.S. 67, 92 at n. 24, 92 S.Ct. 1983, 2000 at n. 24, 32 L.Ed.2d 556 (1972); *see also Campbell v. Amax Coal Co.,* 610 F.2d 701 (10th Cir.1979) (specifically concluding that the federal income tax withholding laws do not result in the taking of property without due process). The courts have recognized that the paramount need of the federal government to collect revenues in a timely and orderly fashion overcomes the interest of the taxpayer to a pre-collection judicial determination of tax liability. Due process requires that a person whose legal liabilities are to be adjudicated is entitled to notice and a hearing; it does not require that the hearing take place in every instance before a preliminary deprivation of property may be undertaken.

## MOTION OF DEFENDANTS ZIA AND H. ZANTOP TO DISMISS

█ Plaintiff's claim against the private defendants is predicated upon 26 U.S.C. § 3402(n), which he reads to prohibit employers from withholding taxes when an employee has filed a W-4 certificate claiming total exemption from taxes. As the foregoing discussion demonstrates, the Court disagrees with this interpretation, and holds that § 3402(n) addresses only the relationship between the employer and the I.R.S., and provides a taxpayer with no rights to be free from withholding.

There is a further reason why plaintiff's claim against the private defendants must be dismissed. Section 3403 of the Internal Revenue Code provides as follows:

> The employer shall be liable for the payment of tax required to be deducted and withheld under this subchapter, and shall not be liable to any person for the amount of any such payment.

At least two courts have concluded that this section insulates the employer from liability to the employee for any taxes withheld by the employer, *Chandler v. Perini Power Constructors, Inc.,* 520 F.Supp. 1152 (D.N.H.1981); *Lonsdale v. Smelser,* 553 F.Supp. 259 (N.D.Tex.1982). *See also Press v. McNeal,* 568 F.Supp. 256 (E.D.Pa. 1983) (no liability may be imposed upon employer for withholding taxes pursuant to I.R.S. directive). This Court agrees with that conclusion, and holds that plaintiff's claim against ZIA and Zantop is barred by operation of this statute. The motion of ZIA and Zantop to dismiss is therefore granted.

## DEFENDANTS MOTIONS FOR COSTS AND ATTORNEY'S FEES

█ All defendants have moved for the reimbursement of the costs and attorney's fees incurred in the defense of this matter. The Court concludes that this action is totally lacking in merit, that diligent research on the part of the plaintiff would have convinced him that he had no chance of success, and that the only purpose of this lawsuit was in fact to frustrate the lawful collection of the internal revenue. For these reasons, the Court concludes that an award of attorney's fees to the defendants is appropriate in this case under the "bad faith" exception to the general rule that attorney's fees are not recoverable in a civil lawsuit, *see Alyeska Pipeline Service*

*Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975); *Lonsdale v. Smelser,* 709 F.2d 910, 911 (5th Cir.1983) (awarding double attorney's fees against plaintiff who brought frivolous tax suit).

It is therefore ordered that the defendants should submit an itemized statement of the hours spent by their attorneys on this case, together with a figure for the reasonable value of the hourly rate of such services. This statement should be submitted within 20 days of the date of this order. Plaintiff will then have 20 days in which to file his objections, if any there be, to these statements. The Court will then make a determination of the amount of attorney's fees that can be recovered by the defendants on the basis of these documents, without conducting a hearing on this issue.

The Court further determines that the defendants, as the "prevailing parties" in this case, are entitled to recover from plaintiff their costs incurred in the defense of this matter, pursuant to 28 U.S.C. § 1920.

SO ORDERED.