George A. JENKINS, Plaintiff,

v.

**ROCKWELL INTERNATIONAL CORPORATION, James F. Cox, Construction Manager, James A. Pintaro, Superintendent, Defendants.**

No. CV–R–84–132–ECR.

United States District Court,
D. Nevada.

Aug. 8, 1984.

George A. Jenkins, pro se.

Virgil H. Wedge, Reno, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Defendants have made a motion to dismiss the complaint pursuant to Rule 12(b)(6) Fed.R.Civ.P. Defendants allege that plaintiff has failed to state a claim upon which relief can be granted. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1985.

The complaint alleges the following: Plaintiff submitted a W–4 exemption withholding certificate (W–4 form) to defendant Rockwell International Corporation (Rockwell) at the time he was hired by that corporation. Plaintiff represented on his W–4 form that he was exempt from withholding of federal income tax. Subsequently, the Internal Revenue Service (IRS) in Ogden, Utah, informed Jenkins that his W–4 form was being reviewed. In response, plaintiff insisted that his W–4 form be honored. Later, the IRS, by letter, ad-

vised Rockwell to disregard plaintiff's W–4 form and to withhold tax as if he were single and claimed one exemption. Plaintiff then urged James F. Cox, Construction Manager for Rockwell, to leave the issue of the W–4 form as a matter between the IRS and himself. Nevertheless, Rockwell followed the instructions of the IRS. Thereafter, plaintiff refused to pick up his paycheck. He claimed it was $247.11 short because of the tax withheld. He also refused to pick up his check for the following pay period for the same reason. Subsequently, the other codefendant, Mr. Pintaro, Superintendent for Rockwell, told plaintiff he would be fired if he didn't pick up his paychecks. Two days later Mr. Pintaro gave plaintiff the checks that had been refused and a termination notice. The notice stated the reason for discharge was plaintiff's failure to accept his paychecks because of income tax withheld. Jenkins claims that he was deprived of his property without being afforded his constitutional right of due process. In his 1983 claim, plaintiff alleges deprivation of constitutional rights. In his 1985 claim, plaintiff alleges violation of rights secured by both the Constitution and laws of the United States.

A complaint should not be dismissed on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 60 (1957); *Maurer v. Ind. And As Members of Los Angeles Cty.,* 691 F.2d 434, 437 (9th Cir.1982). In addition, in analyzing a complaint any doubt must be resolved in favor of the pleader. The Court recognizes that civil rights complaints brought by *pro se* plaintiffs, as in this instance, are held to a less stringent standard than pleadings drafted by attorneys. *Ibid; Gillespie v. Civiletti,* 629 F.2d 637, 640 (9th Cir.1980).

### I. *1983 Claim*

To establish a claim under 42 U.S.C. § 1983 a plaintiff must allege: (A) that defendant was acting "under color of state law" at the time of the acts complained of, and (B) that defendant deprived plaintiff of a right, privilege, or immunity secured by the Constitution or Laws of the United States. *Freier v. New York Life Ins. Co.,* 679 F.2d 780, 783 (9th Cir.1982); *Briley v. State of California,* 564 F.2d 849, 853 (9th Cir.1977).

### A. *"Under Color of State Law"*

■ § 1983 provides redress only for action under color of state law. The action taken by a private party pursuant to the directions of the IRS in accordance with federal law (Treasury Regulations) does not state a claim under § 1983. *See Zernial v. United States,* 714 F.2d 431, 435 (5th Cir.1983); *Betlyon v. Shy,* 573 F.Supp. 1402, 1407 (1983); *District of Columbia v. Carter,* 409 U.S. 418, 423–25, 93 S.Ct. 602, 605–606, 34 L.Ed.2d 613 (1972). This is precisely what defendants did in disregarding plaintiff's W–4 form. The treasury regulations that the IRS followed are explained below.

There is no allegation that defendant was acting under color of state law in discharging plaintiff. In fact the allegations indicate that the discharge was due to the private conduct of defendants. § 1983 is not invoked by "purely private conduct." *District of Columbia v. Carter, supra* at 424, 93 S.Ct. at 606. Jenkins hasn't stated a cause of action under Section 1983 because he has failed to allege any constitutional deprivation under color of state law. *See Stonecipher v. Bray,* 653 F.2d 398, 401 (9th Cir.1981).

### B. *Deprivation of a Right Secured by Federal Law or the Constitution.*

■ Plaintiff claims that his employer should have honored his W–4 form, and that he should have received a hearing before it was dishonored.

The treasury regulation that is pertinent here indicates that if the IRS determines that a W–4 form is defective, the employer should consider the W–4 form to be defective. In a case such as this the IRS then directs the employer to disregard the W–4 form and to withhold amounts from the employee's wages on the basis of the maximum number of exemptions specified in the

letter from the IRS to the employer. Treasury Regulation § 31.3402(f)(2)–1(g). Furthermore, other analogous cases have held that employers and their agents did not violate federal law by complying with the IRS instructions to disregard a W–4 form. *Cambell v. Amax Coal Co.*, 610 F.2d 701, 701–702 (10th Cir.1979); *Stefanelli v. Silvestri*, 524 F.Supp. 1317, 1320 (D. Nevada 1981); *Rapp v. Peper*, 80–1 U.S.T.C. ¶ 9204 (D. Alaska 1979). Defendants complied with the Treasury Regulations in disregarding plaintiff's W–4 form. By their actions, defendants did not deprive Jenkins of any right secured by federal law. They also sought to preclude their own liability. Employers can be held liable for the payment of the tax required to be deducted and withheld. 26 U.S.C. § 3403; *Stefanelli v. Silvestri, supra* at 1320. In addition, officers and officials of a corporation can be held personally liable for any tax not truthfully accounted for. *Ibid;* 26 U.S.C. § 6672.

Moreover, an employer's action in withholding taxes prior to a hearing relative to whether an employee's W–4 form should be honored is not a deprivation of due process. *Stonecipher v. Bray, supra* at 403; *Campbell v. Amax Coal Co., supra* at 702; *see Stefanelli v. Silvestri, supra* at 1320. The prompt collection of taxes is essential for the nation's continued existence and is an important governmental interest that justifies postponing a hearing. *See Phillips v. Commissioner*, 283 U.S. 589, 595–97, 51 S.Ct. 608, 611–612, 75 L.Ed. 1289; *Stonecipher v. Bray, supra* at 403. Plaintiff's due process rights are protected by the statutory scheme which allows him to contest his tax liability in the Tax Court prior to paying the disputed tax or to sue for a refund in federal district court or in the Court of Claims. *Ibid.* Therefore, the withholding of taxes, as was done here, prior to a hearing did not deprive plaintiff of any constitutional right.

## II.  *§ 1985 Action*

■ Plaintiff's claim under § 1985(3) alleges that the IRS conspired with his employer Rockwell Corporation to deprive the plaintiff of a hearing prior to being discharged. A claim under § 1985(3) requires an allegation that defendants' conduct was motivated by racial or other class based individiously discriminatory animus. *United Broth. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 103 S.Ct. 3352, 3354, 77 L.Ed.2d 1049 (1983); *Wilhelm v. Continental Title Co.*, 720 F.2d 1173, 1175 (10th Cir.1983). Plaintiff's complaint does not allege that he was the victim of any racial or other class-based discrimination. Therefore, his § 1985 cause of action is properly dismissed for failure to state a claim.

## III.  *Jurisdiction*

■ A court may dismiss an action *sua sponte* for lack of jurisdiction. *Franklin v. State of Or., State Welfare Division*, 662 F.2d 1337, 1342 (9th Cir.1981). The jurisdiction for actions under 42 U.S.C. §§ 1983 and 1985 is conferred by 28 U.S.C. § 1343. *Luttrell v. United States*, 644 F.2d 1274, 1275 (9th Cir.1980). According to 1343(3), federal courts have jurisdiction to entertain 1983 actions where there has been a constitutional deprivation under color of state law. 28 U.S.C. § 1343(3). *Hagans v. Lavine*, 415 U.S. 528, 539, 94 S.Ct. 1372, 1380, 39 L.Ed.2d 577; *Aasum v. Good Samaritan Hospital*, 542 F.2d 792, 794 (9th Cir.1976). The complaint fails to allege any act under color of state law, consequently this Court is without jurisdiction to hear plaintiff's 1983 claim.

Furthermore, to invoke jurisdiction under § 1343 for a § 1985(3) claim requires the plaintiff to make specific allegations of "class based discriminatory animus." *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir.1980). Since Jenkins has failed to allege any racial or class based discriminatory animus this Court is without jurisdiction to decide his 1985(3) claim.

■ Plaintiff also claims jurisdiction is conferred by the first amendment which guarantees to the people the right "to petition the government for a redress of grievances." A constitutional violation does not establish jurisdiction in a federal court in and of itself. Plaintiff's § 1983 action re-

quires an additional requirement of color of state law to confer jurisdiction under § 1343(3). Furthermore, to confer jurisdiction for a 1985(3) action according to § 1343 requires class based discriminatory animus. Therefore, plaintiff has failed to meet the jurisdictional requirements.

■ Plaintiff further claims that jurisdiction is conferred on this Court by Article 8, Section 5, of the Nevada State Constitution which states "Corporations may sue and be sued in all courts, in like manner as individuals." A provision of the Nevada Constitution cannot confer jurisdiction on the federal court. Even if this allegation were to be deemed to allege a claim, rather than merely a basis for jurisdiction, it would at most be a pendent claim. Where, as here, all federal claims are dismissed before trial, pendent state claims should also be dismissed. *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 651 (9th Cir.1984). Therefore, plaintiff's claim of jurisdiction based on the Nevada constitution will also be dismissed.

Moreover, federal courts are courts of limited jurisdiction, and the presumption is that they are without jurisdiction unless the contrary affirmatively appears. *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 970 (9th Cir.1981). The party seeking jurisdiction "must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing." *Fifty Associates v. Prudential Insurance Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970). Since Jenkins has not alleged any facts to show jurisdiction, dismissal is the appropriate disposition. *See Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). Nevertheless, dismissal for lack of jurisdiction allows the plaintiff to seek relief in state courts or to assert a claim in which the federal courts have jurisdiction. *Franklin v. State of Or., State Welfare Division*, 662 F.2d 1337, 1343 (9th Cir. 1981).

### IV. *Dismissal of Complaint*

The Court recognizes that a *pro se* plaintiff should be given "an opportunity to amend his complaint to overcome any deficiency unless 'it clearly appears ... that the deficiency cannot be overcome by amendment.'" *Maurer v. Ind. and as Members of Los Angeles Cty., supra* at 437; quoting *Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir.1970). Plaintiff has set forth in detail the nature of his claim. It does not appear that there is any amendment which could be made to the complaint to overcome the deficiencies described above. Therefore, he is not given leave to amend his complaint.

### V. *Attorney Fees*

■ Defendants have requested attorney fees. Attorney fees in civil rights actions should be awarded to a defendant only where the action brought is found to be unreasonable, frivolous, meritless or vexatious. *Hughes v. Rowe*, 449 U.S. 5, 14–15, 101 S.Ct. 173, 178–179, 66 L.Ed.2d 163 (1980); *Mayer v. Wedgewood Neighborhood Coalition*, 707 F.2d 1020, 1021 (9th Cir.1983). Plaintiffs contention that he was improperly discharged for failure to pick up his checks may have some merit. Therefore, defendants will not be awarded attorney fees.

IT IS, THEREFORE, HEREBY ORDERED that the Clerk shall enter judgment dismissing the complaint.