Gordon N. BEERBOWER, Plaintiff,

v.

UNITED STATES of America, Commissioner of Internal Revenue, Bruce A. Settell, W. Bird, General Motors Corporation Hydra-Matic Division, Glenn D. Rissmiller, Ross A. Wingler, and John/Jane Does 1–25, Jointly and Severally, Defendants.

Civ. A. No. 84CV–7218–AA.

United States District Court,
E.D. Michigan, S.D.

Sept. 13, 1984.

Gordon N. Beerbower in pro. per.

Alan Gershel, Asst. U.S. Atty., Detroit, Mich., R. Todd Luoma, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., E. Alan Moorhouse, Detroit, Mich., for defendants.

## AMENDED MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

Defendants, the United States, the Internal Revenue Commissioner, Bruce A. Settell and W. Bird, move to dismiss this case and for an award of attorneys' fees and costs. The issues have been considered pursuant to Rule 78, Federal Rules of Civil Procedure. For the following reasons, defendants' motion is granted.

Plaintiff challenges the withholding of federal income taxes from his wages. He sues the United States; the IRS Commissioner; two IRS employees; his employer, General Motors Hydra-Matic Division; and two General Motors employees. Plaintiff asserts claims under the Fifth Amendment due process clause, under the Article I prohibition of the United States Constitution against bills of attainder, under the equal protection clause of the Michigan Constitution, under 18 U.S.C. § 241 and 242, and under 42 U.S.C. §§ 1983, 1985, and 1986. He seeks injunctive relief to prevent the government from withholding taxes and to prevent all of the defendants from taking retaliatory action against him, actual damages of $50,000,000, and punitive damages of $500,000,000.

■ The Anti-Injunction Act, 26 U.S.C. § 7421(a), bars plaintiff's request for injunctive relief. *Pascoe v. Internal Revenue Service,* 580 F.Supp. 649, 652 (E.D. Mich.1984). His Fifth Amendment due process claim is wholly without merit. *Campbell v. Amax Coal Co.,* 610 F.2d 701 (10th Cir.1979); *Pascoe, supra,* at 654. The Internal Revenue Code is not a bill of attainder. *See generally Nixon v. Administrator of Gen.Serv.,* 433 U.S. 425, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977); *United States v. Brown,* 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965). Plaintiff cannot validly object to federal taxation and income withholding under the Michigan Constitution, because federal law preempts any conflicting state law. U.S.Const. art. VI, cl. 2. Plaintiff has no private right of action under 18 U.S.C. § 241 and 242. *Sauls v. Bristol-Myers Co.,* 462 F.Supp. 887, 889 (S.D.N.Y.1978). Section 1983 provides no relief against those who act pursuant to federal rather than state law. *District of Columbia v. Carter,* 409 U.S. 418, 424–25, 93 S.Ct. 602, 606–607, 34 L.Ed.2d 613 (1972); *Stonecipher v. Bray,* 653 F.2d 398, 401 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982). Sections 1985 and 1986 apply only to racial or other class-based discrimination, so they are not relevant to this case. *Stonecipher, supra,* at 401. Plaintiff's suit against the United States, the IRS Commissioner, and the two IRS employees is barred by the doctrine of sovereign immunity. *Shaffer v. Commissioner,* 515 F.Supp. 748, 750 (E.D. La.1981). Because this case is as frivolous as *Pascoe, supra,* an award of attorneys' fees and costs to defendants is appropriate.

■ Although defendants General Motors Hydra-Matic Division, Glenn D. Rissmiller, and Ross A. Wingler have not moved for dismissal and for attorneys' fees and costs, the foregoing analysis, with the exception of the doctrine of sovereign immunity, applies to them as well. Moreover, plaintiff has no cause of action against his employer, or against other employees of the employer, for withholding federal income taxes from his wages. *Pascoe, supra,* at 654; *Press v. McNeal,* 568 F.Supp. 256, 259 (E.D.Pa.1983); *Chandler v. Perini Power Constructors,* 520 F.Supp. 1152, 1156 (D.N.H.1981).

For the foregoing reasons, the motion to dismiss and for attorneys' fees and costs is granted as to all defendants. The defendants will file appropriate proofs within 15 days of the date of this order. Plaintiff may respond within 10 days thereafter.

SO ORDERED.