VINCENT J. PARTOS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Partos v. Commissioner
Docket No. 6917-90
United States Tax Court
T.C. Memo 1991-408; 1991 Tax Ct. Memo LEXIS 441; 62 T.C.M. (CCH) 560; T.C.M. (RIA) 91408; August 19, 1991, Filed *441 Decision will be entered for the respondent and an appropriate order will be entered for the award of the penalty under section 6673. Vincent J. Partos, pro se. Robert A. Baxer, for the respondent. GOLDBERG, Special Trial Judge. GOLDBERG
MEMORANDUM OPINION This case was assigned pursuant to the provisions of section 7443A(b)(3). Unless indicated otherwise, all section references are to the Internal Revenue Code as in effect for the years in issue. Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: [SEE TABLE IN ORIGINAL] At trial, respondent orally moved for the imposition of a penalty pursuant to section 6673. Some of the *442 facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner resided in Summit, New Jersey, when he filed his petition. The issues for decision are (1) whether petitioner failed to report income received during 1986 and 1987; (2) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for 1987; (3) whether petitioner is liable for additions to tax pursuant to section 6653(a)(1)(A) and (B) for 1986 and 1987; (4) whether petitioner is liable for an addition to tax pursuant to section 6654(a) for 1987; and (5) whether a penalty should be awarded to the Government pursuant to section 6673. Petitioner was employed as an accountant for the Waterfront Commission of New York Harbor in New York, New York, during 1986 and 1987. Petitioner received wages of $ 19,986.25 and $ 25,541.05 for 1986 and 1987, respectively. On April 15, 1987, petitioner filed a 1986 Federal income tax return, Form 1040EZ, reporting wages of $ 13,657.51. He computed a tax liability of $ 1,464 on this amount, and claimed a refund of $ 770.37 for taxes withheld during the year. Petitioner also attached a *443 schedule to his 1986 return explaining that he was not reporting $ 6,328.74 of his wages because from October 1, 1986, through the end of the year, he claimed he was exempt from Federal income taxes since "taxes on wages are voluntary." On September 8, 1989, petitioner submitted a Form 1040, as an "amended or replacement return" for 1986, on which he claimed an additional refund of taxes in the amount of $ 1,464; $ 2,234.37 of Federal income taxes withheld during 1986, less the previous refund of $ 770.37. In a "Tax Analysis Schedule" attached to his form, petitioner explained that after studying various materials he had determined that he was not a "taxpayer" within the meaning of section 7701(a)(14), and, therefore, not liable for any tax for 1986. On September 12, 1989, petitioner submitted another Form 1040, almost identical to the one filed on September 8, 1989, as a second "amended return" for 1986. Petitioner attached a schedule to his form "requesting a refund of all funds paid in during 1986, under the guise, pretext, sham and subterfuge of paying this so called 'income tax.'" Petitioner asserted that he was not "in a revenue taxable activity." On April 15, 1988, petitioner *444 submitted an unsigned Form 1040EZ, reporting wages for 1987 in the amount of $ 25,541.05. The Form 1040EZ for 1987 did not contain any computations of taxable income or tax liability. However, it did indicate that no Federal income taxes were withheld from petitioner's wages during 1987. Petitioner attached a statement to the form stating that he "took exempt status for 1987, since taxes are voluntary." On July 3, 1989, and July 6, 1989, respectively, petitioner submitted Forms 1040 denominated as "amended return" and "second amended return" for 1987. Both documents were signed, but were incomplete, and contained attached statements reasserting petitioner's opposition to the income tax. On January 3, 1989, respondent prepared a substitute 1987 return for petitioner pursuant to section 6020(b). In separate notices of deficiency, both dated January 19, 1990, respondent determined the above deficiencies in, and additions to, tax. Respondent's determinations are presumed correct. Petitioner bears the burden of proving otherwise. Rule 142(a), Tax Court Rules of Practice and Procedure.
Issue 1. Failure to Report Wages
At the outset, we note that petitioner's contentions *445 in this case can be labeled as "tax protester" arguments. Petitioner contends that he is not liable for the deficiencies in, and additions to, tax determined by respondent because no Internal Revenue Code section imposes an income tax upon his wages or requires him to file a Federal income tax return. The thrust of petitioner's principal argument is that respondent may not collect the taxes and the additions to tax because respondent has not complied with the Paperwork Reduction Act of 1980, 44 U.S.C. section 3516 (1991). The regulations issued pursuant to the Paperwork Reduction Act of 1980 provide that "An agency shall not engage in a collection of information without obtaining Office of Management and Budget (OMB) approval of the collection of information and displaying a currently valid OMB control number." 5 C.F.R. sec. 1320.4 (1985). The regulations further provide that "no person shall be subject to any penalty for failure to comply with any information collection request if the request does not display a currently valid OMB control number." 5 C.F.R. sec. 1320.5(a) (1985); see 44 U.S.C. secs. 3507(f), 3512 (1991). Petitioner understands that section 1 of the Internal Revenue *446 Code imposes an income tax. Petitioner further understands that section 1.1-1, Income Tax Regs., explains and implements section 1. He has reviewed the references made to section 1.1-1, Income Tax Regs., in the OMB Control Number tables set forth at section 602.101, Statement of Procedural Rules. The reference in those tables for section 1.1-1, Income Tax Regs., does not include a reference to OMB numbers 1545-0675 or 1545-0074, which are the OMB numbers displayed on the Forms 1040EZ and 1040 submitted by petitioner for 1986 and 1987. Petitioner does not contend that the OMB numbers on these forms are invalid. Rather, he notes that the only OMB number, 1545-0067, found for section 1.1-1, Income Tax Regs., in the OMB number tables is the number assigned to Form 2555, Foreign Earned Income. Therefore, petitioner concludes that section 1 imposes a tax only on foreign earned income. He insists that Form 1040 (and Form 1040EZ) are simply supplemental forms for record keeping purposes. Petitioner has confused the imposition of the Federal income tax, set forth in section 1 and in section 1.1-1, Income Tax Regs., with the duty to file a return set forth in sections 6001, 6011, and *447 6012, together with their accompanying regulations. These latter regulations require the "collection of information" on a Federal income tax return. The Internal Revenue Service has obtained OMB approval of the process of collecting information through Federal income tax returns. The OMB has assigned numbers 1545-0074, 1545-0675, and others to that process. Sec. 602.101(c), Statement of Procedural Rules. This process of collection of information is embodied and authorized in the regulations. These regulations include, among other things, those relating to taxpayers' record keeping and reporting requirements ( sec. 1.6001-1, Income Tax Regs.), those relating to the duty of taxpayers to file Federal income tax returns ( sec. 1.6011-1, Income Tax Regs.), and those relating to persons required to file income tax returns ( sec. 1.6012-1, Income Tax Regs.). See Beam v. Commissioner, T.C. Memo 1990-304. Petitioner's contention that he is not a "taxpayer," and, therefore, not liable for income taxes, is also wholly without merit. As explained in United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981): Compensation for labor or services, *448 paid in the form of wages or salary, has been universally, held by the courts of this republic to be income, subject to the income tax laws currently applicable. We recognize that the tax laws bear heavily on all persons engaged in gainful activity, and recognize the right of a taxpayer to minimize his taxes by all lawful means. But Romero here is not attempting to minimize his taxes; instead he is attempting willfully and intentionally to shift his burden to his fellow workers by the use of semantics. He seems to have been inspired by various tax protesting groups across the land who postulate weird and illogical theories of tax avoidance, all to the detriment of the common weal and of themselves.
The foregoing language in Romero is equally applicable here. Section 7701(a)(14) defines the term "taxpayer" as "any person subject to any internal revenue tax." Section 61(a)(1) defines gross income as "all income from whatever source derived," including but not limited to "Compensation for services, including fees, commissions, fringe benefits, and similar items." Section 63 defines and explains how to compute "taxable income." Section 1 then imposes a tax based upon taxable *449 income. An income tax return must be filed by all individuals receiving gross income in excess of certain minimum amounts. Sec. 6012; sec. 1.6012-1(a), Income Tax Regs. Petitioner's gross income in each year exceeds the minimum amount. Also, any argument that "shall" in section 6012 means that a taxpayer "may" file his income tax return, when and if he so chooses, is frivolous. "Shall," as used in section 6012, means a taxpayer must file an income tax return when required to do so by that section. United States v. Drefke, 707 F.2d 978, 981 (8th Cir. 1983); Pascoe v. Internal Revenue Service, 580 F. Supp. 649, 653 (E.D. Mich. 1984), affd. without published opinion 755 F.2d 932 (6th Cir. 1985). In short, petitioner is a taxpayer subject to the income tax laws. Accordingly, respondent's deficiency determinations in petitioner's 1986 and 1987 Federal income tax are sustained. Issue 2. Section 6651(a)(1)
Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for 1987. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown *450 that such failure is due to reasonable cause and not due to willful neglect. A return made on the basis of the calendar year must be filed on or before the 15th day of April following the close of the calendar year. Sec. 6072. Petitioner submitted an incomplete and unsigned Form 1040EZ for 1987 on April 15, 1988. A taxpayer's failure to sign a Form 1040 (or 1040EZ) is a sufficient ground to sustain respondent's determination of the addition to tax under section 6651(a)(1). Vaira v. Commissioner, 52 T.C. 986, 1005 (1969), revd. and remanded on other grounds 444 F.2d 770 (3d Cir. 1971). Furthermore, there is nothing in the record indicating that petitioner's failure to sign the return was due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1). Petitioner's only contention is that no return, upon which the addition to tax could be based, was required under the Internal Revenue Code. Petitioner's claim primarily centers around his "OMB number" argument. We have previously rejected such an argument as constituting a reasonable cause for failure to file a return in a timely fashion. See Beam v. Commissioner, supra. *451 Accordingly, the addition to tax under section 6651(a)(1) for 1987 is sustained. Issue 3. Section 6653(a)(1)(A) and (B)
Respondent also determined petitioner is liable for additions to tax pursuant to section 6653(a)(1)(A) and (B) for negligence or intentional disregard of rules or regulations for 1986 and 1987. Negligence under section 6653 is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner bears the burden of proving respondent's determination of the additions to tax is erroneous. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). On his 1986 Federal income tax return petitioner intentionally failed to report $ 6,328.74 of wages since "taxes on wages are voluntary." For 1987, petitioner submitted an unsigned Form 1040EZ. No Federal income tax was withheld from petitioner's wages during 1987 and he did not pay any estimated tax. Again, petitioner's primary contention with regard to both taxable years is his "OMB number" argument which we have found to be without merit. Petitioner deliberately disregarded *452 the Internal Revenue laws and their accompanying regulations. Therefore, we sustain respondent's determinations of the additions to tax under section 6653(a)(1)(A) and (B) for 1986 and 1987. Issue 4. Section 6654(a)
Respondent also determined that petitioner is liable for additions to tax for 1987 pursuant to section 6654 for failure to pay estimated income tax. Where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the addition is mandatory, unless petitioner shows that one of several statutory exemptions applies. Sec. 6654; Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Here, petitioner has made no such showing, and, therefore, is liable for the addition to tax. Issue 5. Section 6673
With respect to respondent's motion for the imposition of a penalty, section 6673, as amended by the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400, provides, in pertinent part: (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it *453 appears to the Tax Court that-- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or * * * the Tax Court, in its decision may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
This Court has previously categorized "OMB number" arguments as frivolous and groundless protestor allegations. Warden v. Commissioner, T.C. Memo 1990-321; Beam v. Commissioner, supra; Brock v. Commissioner, T.C. Memo 1990-197. Despite petitioner's attempt to distinguish those cases from his own, we have held that his claim is likewise without merit. Petitioner is an educated accountant capable of understanding the Internal Revenue laws. The purpose of section 6673 is to compel the taxpayer to think and to conform his conduct to settled principles before he litigates. Here, petitioner certainly failed to conform his conduct in such a manner. Therefore, we will grant respondent's motion and impose a penalty pursuant to section 6673 in the amount of $ 2,500. Based on the *454 foregoing, Decision will be entered for the respondent and an appropriate order will be entered for the award of the penalty under section 6673.